**Diego MAS MARQUES, Plaintiff,**

v.

**DIGITAL EQUIPMENT CORP. and Digital Equipment GmbH, Defendants.**

**Civ. A. No. 78–3178–S.**

United States District Court,
D. Massachusetts.

Feb. 8, 1980.

Diego Mas Marques, pro se.

Ronald M. Green, Epstein, Becker, Borsody & Green, New York City, for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiff brought this action pro se alleging discriminatory personnel policies with respect to age, sex, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., against Digital Equipment GmbH ("Digital GmbH"), a West German corpora-tion, and its parent Digital Equipment Corp. ("Digital Corp."), a Massachusetts corporation. Defendants have filed a motion for summary judgment.

Plaintiff, a United States citizen residing in West Germany, alleges that he applied for an accounting or clerical position with Digital Equipment GmbH, in Munich, West Germany on April 28, 1977. Plaintiff further alleges that he was denied employment pursuant to company personnel policy preferring German nationals, to the exclusion of American citizens. In addition, plaintiff maintains that the express policy of Digital GmbH, manifested in its newspaper advertisements, was to systematically categorize various employment positions according to age and sex.

Generally, plaintiff's pro se pleadings must be held to a less stringent standard than those drafted by an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and, in a motion for summary judgment, the court must indulge all inferences favorable to the party opposing the motion. United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Nevertheless, the Federal Rules of Civil Procedure specifically provide that general allegations, while possibly sufficient to state a cause of action, must be supported by specific facts showing a genuine issue for trial to survive a summary judgment motion. Fed.R.Civ.P. 56(e). Plaintiff's conclusory allegations in his opposing papers, unsupported by affidavits, are not sufficient to controvert the facts averred, and supported, by defendants in their motion for summary judgment. Ashwell & Company, Inc. v. Transamerica Insurance Co., 407 F.2d 762 (7th Cir. 1969). See also, Hahn v. Sargent, 523 F.2d 461 (1st Cir. 1975). As a result, the following facts described by the defendants concerning their respective corporate structures are taken as true.

Digital GmbH is a wholly owned subsidiary of Digital Corp., and is separately incorporated under the laws of West Germany. Personnel policies of Digital GmbH are set exclusively by that corporation in conjunc-

tion with Digital Equipment International, a Swiss corporation, with no substantive input by Digital Corp. All employment decisions of Digital GmbH, including recruitment, hiring, training, promotion, termination, and establishment of working conditions are exclusively determined and implemented by Digital GmbH and Digital International. Specifically, the advertisements described in plaintiff's complaint were drafted and reviewed by Digital GmbH employees, without any participation or supervision by Digital Corp.

On a broader scale, Digital Corporation and Digital GmbH have separate corporate structures, with independent business records, bank accounts, tax returns, financial statements and budgets. Digital Corp. exercises no control over sales goals and marketing strategies for Digital GmbH. Digital Corp. manufactures and sells computers and computer components at facilities located in the United States, Puerto Rico and Ireland. Digital GmbH is engaged in the repair, retail sale and distribution of computers and computer components solely within West Germany. Digital GmbH purchases fifty percent of its inventory from Digital Corp. pursuant to written sales contracts, which also provide for the occasional performance of administrative services, such as accounting and bookkeeping, for Digital GmbH. Digital GmbH is not licensed to, nor does it conduct business in the United States.

■ As a preliminary matter, I note that plaintiff's age claims may not be considered, for he has failed to resort to a mandatory state remedy before the Massachusetts Commission Against Discrimination, as required by the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. and M.G.L. c. 151B. Oscar Mayer Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); Hadfield v. Mitre Corp., 562 F.2d 84 (1st Cir. 1977). Not only did plaintiff fail to allege a cause of action under the ADEA in his com-

plaint,[1] he failed to allege his age. In addition, plaintiff has not specifically alleged that he was denied a position due to sex discrimination. Given the dispositive nature of the jurisdictional issues in this case, however, I need not reach the issue of whether discriminatory advertisements alone are sufficient to state a cause of action under Title VII. At a minimum, plaintiff has alleged a discriminatory denial of employment based on national origin, and he has received a right-to-sue letter from the Equal Employment Opportunity Commission, thereby satisfying the jurisdictional prerequisites for a suit under Title VII.

■ Plaintiff has not alleged an application for, and denial of employment opportunities at Digital Corp. in the United States. He has confined his complaint to the policies of the West German corporation, Digital GmbH, and has remained at all times in West Germany, refusing to attend a deposition in the United States. The first issue, therefore, is whether the parent, Digital Corp., may be held liable for the alleged discriminatory acts and policies of its subsidiary, Digital GmbH. The standard to be applied to determine the propriety of consolidating separate entities for the purpose of this Title VII action is identical to that promulgated by the National Labor Relations Board: (1) interrelation of operations, (2) common management, (3) common control of labor relations, and (4) common ownership or financial control. Radio and Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, Inc., 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965); Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir. 1977). Plaintiff could alternatively show that the parent corporation so controls the subsidiary as to cause the subsidiary to become merely the agent or instrumentality of the parent. Linskey v. Heidelberg Eastern, Inc., 470 F.Supp. 1181, 1184 (E.D.N.Y.1979).

---

1. Title VII by its terms does not afford relief for alleged victims of age discrimination. 42 U.S.C. §§ 2000e et seq.

█ The uncontroverted evidence supplied by the defendants clearly demonstrates the distinct non-integrated nature of Digital Corp. and Digital GmbH. As their operations, management, labor policy, and finances are all separate, Digital Corp. does not sufficiently control Digital GmbH so as to be held liable for the latter's allegedly discriminatory acts. Accordingly, the complaint fails to state a cause of action against Digital Corp.

█ The second issue to be determined is whether Digital GmbH has sufficient "minimum contacts" in Massachusetts for the exercise of personal jurisdiction over it in this court. *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As Title VII does not provide an independent basis for personal jurisdiction, such basis must be found in the law of the state in which the action is brought. Fed. R.Civ.P. 4(e). Massachusetts law provides two bases for the exercise of personal jurisdiction over foreign corporate defendants. M.G.L. c. 223A, § 3, the Massachusetts long-arm statute, confers personal jurisdiction over a defendant where, *inter alia,* the cause of action arises out of acts which take place in the Commonwealth.[2] M.G.L. c. 223,

§ 38 provides for personal jurisdiction over a corporate defendant doing business within the Commonwealth.[3]

█ The present cause of action involves an allegedly discriminatory personnel policy engaged in by Digital GmbH. The only contacts Digital GmbH maintains with Massachusetts are inventory purchase contracts and ownership by a Massachusetts corporation. As the contracts are unrelated to the policies at issue, and it has been established that Digital Corp. exercises no control over Digital GmbH's employment decisions, the cause of action does not arise from any acts within the Commonwealth. Personal jurisdiction may not lie under M.G.L. c. 223A, § 3. *Whittaker Corporation v. United Aircraft Corp.*, 482 F.2d 1079, 1085 (1st Cir. 1973); *Walsh v. National Seating Co., Inc.*, 411 F.Supp. 564 (D.Mass.1976). Similarly, "doing business" within the purview of M.G.L. c. 223, § 38, involves some substantial effect upon Massachusetts commerce, and requires more than a mere purchaser-supplier relationship. *Caso v. Lafayette Radio Electronics Corporation*, 370 F.2d 707 (1st Cir. 1966); *Wilson v. Holiday Inn Curacao N. V.*, 322 F.Supp. 1052 (D.Mass.1971). The latter case, where the plaintiff brought

2. Ch. 223A

§ 3. Transaction or conduct for personal jurisdiction

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth; or

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting or

(g) living as one of the parties to a duly and legally executed marriage contract, with the marital domicile of both parties having been

within the commonwealth for at least one year within the two years immediately preceding the commencement of the action, notwithstanding the subsequent departure of the defendant in said action from the commonwealth, said action being valid as to all obligations or modifications of alimony, custody, child support or property settlement orders relating to said marriage or former marriage, if the plaintiff continues to reside within the commonwealth.

3. Ch. 223

§ 38. Foreign corporations

In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the state secretary under section fifteen of chapter one hundred and eighty-one.

**60**

suit in Massachusetts against a Holiday Inn incorporated in Curacao, on the basis of the defendant's relationship with its parent, Holiday Inns of America, Inc., doing business in Massachusetts, is particularly apt here. The Court there held the two entities were separate and distinct, using much the same analysis as was discussed here, and dismissed the claim for want of jurisdiction.

Accordingly, defendants' motion for summary judgment is ALLOWED.