Diego MAS MARQUES, Plaintiff, Appellant,

v.

DIGITAL EQUIPMENT CORPORATION, and Digital Equipment GmbH, Defendants, Appellees.

No. 80–1222.

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1980.

Decided Dec. 17, 1980.

Diego Mas Marques on brief pro se.

Ronald M. Green, Susan S. Savitt, Philip M. Berkowitz and Epstein Becker Borsody & Green, P.C., New York City, on brief for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Diego Mas Marques, a United States citizen living in Germany, alleges employment discrimination by Digital Equipment GmbH (Digital GmbH), a West German corporation that rejected his applications for an accounting or clerical position in Germany in 1977 and thereafter. According to Mas Marques, Digital GmbH has a policy of preferring German nationals for employment, and classifies jobs according to sex and age, as evidenced by its newspaper advertisements. Invoking Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17, Mas Marques filed suit in the federal district court of Massachusetts against Digital GmbH and its parent company, Digital Equipment Corporation (Digital Corp.), a Massachusetts corporation.[1] The district court granted summary judgment for the defendants and denied a motion for reconsideration. From these rulings Mas Marques appeals. We affirm.

## THE GRANT OF SUMMARY JUDGMENT

Digital Corp. manufactures and sells computers and computer components and has facilities in the United States, Puerto Rico and Ireland; its wholly owned subsidiary Digital GmbH manufactures, repairs and distributes computers and related products in West Germany. The district court granted summary judgment to both defendants on the grounds that Digital Corp. did not exercise sufficient control over Digital GmbH to be liable for its alleged discrimination and that there was no personal jurisdiction over Digital GmbH. We merely elaborate on the district court's well-reasoned opinion, which is reported at 490 F.Supp. 56 (D.Mass.1980).

With respect to Digital Corp., the district court correctly determined that the affidavits submitted in support of summary judgment negate its liability.[2] Although Mas Marques alleged in his complaint that Digital Corp. is "fully responsible for [Digital GmbH's] general policy of employment discrimination," the defendants' affidavits establish that Digital GmbH personnel policies, advertising, and decisions are formulated without the involvement of Digital Corp.[3] Moreover, the affidavits depict a genuine parent-subsidiary relationship in which there are separate corporate structures, facilities, work forces, business records, bank accounts, tax returns, financial statements, budgets and corporate reports. Although Digital GmbH does purchase fifty percent of its inventory of computers and computer components from Digital Corp. and occasionally contracts with Digital Corp. for accounting or bookkeeping serv-

---

1. As the district court noted, Mas Marques did not bring suit under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. Moreover, he did not allege his age in his complaint or specifically allege that he was denied employment because of his age.

2. Affidavits were submitted by Ronald Green, attorney for the defendants, Walter Wagner, Personnel Manager at Digital GmbH, and Seymour Sackler, Assistant General Counsel of Digital Corp.

3. More specifically, the affidavits indicate that Digital GmbH's personnel policies and procedures are formulated by a European Personnel Policies Committee (staffed by employees of Digital International, a Swiss corporation, and its various subsidiaries), expanded and adapted to German law and custom by a German management team of Digital GmbH and implemented by Digital GmbH employees.

ices, the affidavits assert that Digital Corp. does not control Digital GmbH's sales goals or marketing strategies, and sales catalogues and advertising are done separately. On the basis of the defendants' affidavits, there was no recognized theory upon which Digital Corp. could be held responsible under Title VII for the acts of Digital GmbH. The two companies would not, in our opinion, be a single enterprise or employer under the test developed by the National Labor Relations Board and applied by some courts in Title VII cases. *E. g., Radio and Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965) (considering (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership); *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir. 1977); *Linskey v. Heidelberg Eastern, Inc.*, 470 F.Supp. 1181, 1183–84 (E.D.N.Y.1979); *EEOC v. Upjohn Corp.*, 445 F.Supp. 635, 638 (N.D.Ga.1977). Nor would Digital Corp. be liable on the theory that the parent-subsidiary relationship is a sham, *see Hassell v. Harmon Foods, Inc.*, 336 F.Supp. 432, 433 (W.D.Tenn.1971), *aff'd*, 454 F.2d 199 (6th Cir. 1972), or that Digital Corp. so controls Digital GmbH as to make Digital GmbH its agent, *see Linskey v. Heidelberg Eastern, Inc., supra*, at 1183–84; *EEOC v. Upjohn Corp., supra*, at 638.

The district court was likewise correct in concluding that Mas Marques' opposition papers did not suffice to create a genuine issue of fact concerning Digital Corp.'s liability. In his two "oppositions" to summary judgment, which were unsworn and unsupported by affidavits, Mas Marques asserted a close relationship between Digital Corp. and Digital GmbH, but his statements about the corporate relationship were conclusory (*e. g.*, the companies are "one and the same," their parent-subsidiary relationship is a "sham," Digital Corp. "impermissibly controlled" Digital GmbH, Digital management "takes its orders from" Digital Corp.). Even reading the *pro se* opposition papers liberally, in accordance with *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), they do not comply with Rule 56(e), Fed.R.Civ.P., which required Mas Marques to "set forth specific facts showing that there [was] a genuine issue for trial." Although Mas Marques, as a *pro se* litigant, may not have been aware of Rule 56(e) when he filed his first opposition, the defendants' reply memorandum put him on clear notice of the rule and the deficiencies of his initial response. When specific facts were not forthcoming in the second opposition, and no attempt to provide them or conduct discovery was made, *see* Fed.R.Civ.P. 56(f),[4] the district court was well warranted in granting summary judgment for Digital Corp. *See generally Palmigiano v. Mullen*, 491 F.2d 978, 980 (1st Cir. 1974). Mas Marques' promise to prove his general allegations about the relationship between Digital Corp. and Digital GmbH through corporate records at trial was simply not enough to require a trial as to Digital Corp. *Hahn v. Sargent*, 523 F.2d 461, 467 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976).[5]

4. Discovery never got off the ground in this case. The defendants served a notice that Mas Marques' deposition would be taken in Massachusetts, but Mas Marques declined to appear on the ground that he did not have the financial means to travel to Massachusetts. In his response to the notice of deposition, he suggested the deposition take place in Munich at a date to be agreed upon and requested the production of various records and documents at such oral examination. But there is no indication any deposition was ever taken or that Mas Marques made any further attempt at discovery.

5. Apart from alleging generally that Digital GmbH and Digital Corp. should be treated as one, Mas Marques hinted in his opposition papers that Digital Corp. should be put to trial because it responded to an EEOC investigation and the EEOC issued a notice of right to sue Digital Corp. We have examined the letters from Digital Corp. to the EEOC and the EEOC letters and documents Mas Marques filed with the district court, and see nothing in them that would warrant a trial against Digital Corp. Although Digital Corp. expressed willingness to investigate Mas Marques' charges and to cooperate with the EEOC, it did not concede respon-

With respect to the defendant Digital GmbH, the district court justifiably ruled that nothing in the defendants' affidavits would support the exercise of personal jurisdiction pursuant to Mass.G.L. c. 223, § 38, or c. 223A, § 3. The former provision permits service of process on a foreign corporation that is "engaged in or soliciting business in the commonwealth, permanently or temporarily." In *Caso v. Lafayette Radio Electronics Corp.*, 370 F.2d 707, 712 (1st Cir. 1966), we interpreted Massachusetts law to allow resort to this provision only if a foreign corporation's activities affected Massachusetts commerce substantially or so affected the transaction at issue as to make Massachusetts an appropriate forum, and we held that the fact that a Massachusetts subsidiary of a New York corporation bought inventory partly from its parent, *inter alia*, did not support the exercise of jurisdiction over the out-of-state parent. *See also Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 850 (1st Cir 1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1193, 28 L.Ed.2d 324 (1971); *Wilson v. Holiday Inn Curacao, NV*, 322 F.Supp. 1052, 1054 (D.Mass.1971). No Massachusetts decision after *Caso* convinces us that a Massachusetts court would invoke c. 223, § 38 to exercise jurisdiction over Digital GmbH simply because it purchased half its inventory and some bookkeeping and accounting services from its Massachusetts parent. Moreover, these factors did not make Digital GmbH amenable to suit under the Massachusetts long arm statute, Mass.G.L. c. 223A, § 3. Even assuming that Digital GmbH's purchase contracts with Digital Corp. amounted to the transaction of business in Massachusetts within the meaning of subsection (a) of c. 223A, § 3 ("transacting any business in this Commonwealth"), Mas Marques' cause of action for employment discrimination did not *arise from* Digital GmbH's transaction of business in Massachusetts, as required by the statute. *Compare Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1084–85 (1st Cir. 1973). Nor did Mas Marques' claim fit within any of the other subsections of the long arm statute, c. 223A, § 3(b)–(g).[6]

Furthermore, Mas Marques presented nothing in his oppositions that supported the exercise of personal jurisdiction over Digital GmbH. In addition to the allegations noted above, he stated only that Digital GmbH "obtain[ed] all of its materials" directly or indirectly from Digital Corp. and did "all of its business through the control" of Digital Corp. Such generalities did not stand in the way of summary judgment for Digital GmbH. *Cf. Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904–06 (1st Cir. 1980) (conclusory allegations as to corporate interrelationship not sufficient to confer personal jurisdiction under Puerto Rico's long arm statute).

## THE DENIAL OF RECONSIDERATION

More than ten days after the district court granted summary judgment for the defendants, Mas Marques filed a "motion for reconsideration," which we construe as a motion to vacate judgment pursuant to Rule 60(b), Fed.R.Civ.P. In the motion, Mas Marques stated that he was enclosing an affidavit "to controvert the facts averred brought forward by Defendants in their motion for summary judgment," and urged that "[a]s a result of this motion and affidavit the facts described by Defendants concerning their respective corporate structures should not be taken as true." The affidavit contained the following statements pertinent to the relationship between Digital Corp. and Digital GmbH:

2. That Digital Corp. the parent fully controls Digital GmbH, that further the Corporation controls in full

---

sibility for the actions of Digital GmbH. And, although the EEOC issued a notice of right to sue Digital Corp., it did so at Mas Marques' request and does not appear to have made any determination that Digital Corp. would be responsible for Title VII violations by Digital GmbH.

6. Mas Marques suggests that subsection (d) of Mass.G.L. c. 223A, § 3 is applicable to his case, but we fail to see how his cause of action arises from Digital GmbH's "causing tortious injury in this commonwealth." *Compare Engine Specialties, Inc. v. Bombardier, Ltd.*, 454 F.2d 527, 529 (1st Cir. 1972).

through data processing systems the sales of all the material and orders placed to and sold by Digital GmbH, that in addition it fully controls the marketing strategies of Digital GmbH by means of closely related management meetings by Digital Corp. in the United States.

3. That Digital Corp. was requested by the management of Digital GmbH to make a decision as to my employment application and that I was advised by Digital GmbH management officials that the corporation had reached the final denial of my application for employment for any positions. The contacts by those officials were made through telephone conversations and telex.

4. That corporate papers and finances are fully controled [*sic*] by Digital Corp. and that further for the purpose of control Digital Corp. transfers its management and technical employees to Digital GmbH to manage Digital GmbH.

5. Digital Corp. expressly controls the financial personnel policy of Digital GmbH and particularly the hiring and firing of United States citizens.

6. That it systematically categorized most employment positions according to age, sex and national origin by Digital Corp. through Digital GmbH and fully under the control of the Corp. for the purposes of better finance results.

The affidavit was certified as "the truth to the best of our knowledge and belief" and was signed under the pains and penalties of perjury by Mas Marques and his wife Angelika, who represented that she had witnessed Digital's discrimination policies and was present at several meetings and had telephone contacts with Digital GmbH and Digital Corp. The district court denied the motion for reconsideration, stating that the affidavit "does not appear to be based upon personal knowledge as required by F.R. Civ.P. 56(e), nor does it appear that the plaintiff could have acquired such personal knowledge."

There was no error. Although some of the statements in the affidavit were more specific than those in the previously filed oppositions, most of them were not, as the district court noted, based upon personal knowledge. One possible exception is the statement in paragraph 3 to the effect that Digital GmbH officials told Mas Marques that Digital Corp. made the final decision not to hire him. We need not decide whether this statement satisfied the "personal knowledge" requirement of Rule 56(e) and would have been admissible in evidence, as also required by Rule 56(e). *See Corley v. Life and Casualty Insurance Co. of Tennessee*, 296 F.2d 449, 450 (D.C.Cir. 1961); 6 Pt. 2 Moore's Federal Practice ¶ 56.22[1], at 56–1322 & n.16 (2d ed. 1980). Nor need we decide whether such a statement, unaccompanied by disclosure of the identity of the Digital GmbH officials to whom Mas Marques supposedly spoke or the date of the conversation(s), would have been "sufficient evidence" to require a trial, if offered in timely opposition to the defendants' summary judgment motion, *First National Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968), *quoted in Hahn v. Sargent, supra*, 523 F.2d at 464. *Compare Williams v. Evangelical Retirement Homes*, 594 F.2d 701, 704 (8th Cir. 1979). The fact remains that Mas Marques' affidavit was not offered prior to the entry of judgment; in addition, no explanation was given for the failure to present the affidavit or its contents earlier, and no claim was made that further facts became known to Mas Marques only after judgment had been entered. In these circumstances, particularly where Mas Marques should have been aware of the deficiencies in his case before the entry of judgment, relief under Rule 60(b) would not have been justified. Grounds for relief under Rule 60(b)(1), due to "mistake, inadvertence, surprise, or excusable neglect," were not presented.

[A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must

make some showing of why he was justified in failing to avoid mistake or inadvertence .... *A defeated litigant cannot set aside a judgment ... because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court.*

11 Wright & Miller, Federal Practice and Procedure § 2858, at 170–73 (1973 ed.) (emphasis supplied). *See Couch v. Travelers Insurance Co.,* 551 F.2d 958, 959–60 (5th Cir. 1977). Nor were there exceptional circumstances or obvious injustices warranting relief under Rule 60(b)(6). *See Ackermann v. United States,* 340 U.S. 193, 197–200, 71 S.Ct. 209, 211–212, 95 L.Ed. 207 (1950); *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154–56 (1st Cir. 1980). In short, there was no abuse of discretion in the denial of the motion for reconsideration. *See Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir. 1976).

### CONCLUSION

For the reasons stated above, we uphold the district court's grant of summary judgment for want of jurisdiction and its denial of reconsideration. It is too late for appellant to try to redeem his case by asserting on appeal that the defendants committed perjury in their affidavits and by urging this court to request records from Digital Corp.[7] As the judgment must be affirmed, we do not reach the question whether Title VII can be given extraterritorial application to alleged discrimination abroad.

*Affirmed.*

---

**7.** Nothing in *Shapiro v. United States,* 335 U.S. 1, 33, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948), or the passages at 247 [or 274] U.S. 259, 263, 264 (1927), cited by Mas Marques, would authorize this court to supplement the record on appeal by requesting records from Digital Corp. The record on appeal is confined to matters presented to the district court. *See* Fed.R. App.P. 10(b).