**INTERNATIONAL CHARTER MORT-GAGE CORPORATION, Plaintiff,**

**v.**

**COMMONWEALTH LAND TITLE IN-SURANCE COMPANY, Defendant.**

**Civ. No. 80–1041.**

United States District Court, D. Puerto Rico.

May 17, 1982.

Eugene F. Hestres, José L. Arias Juárez Law Offices, Hato Rey, P. R., for plaintiff.

Jorge A. Miranda, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action for breach of contract which was removed because of the existence of federal diversity jurisdiction. 28 U.S.C. Sec. 1332. Plaintiff, International Charter Mortgage Corporation, filed a motion for summary judgment claiming there is no dispute as to the failure of Land Title Insurance Co. to honor a title insurance policy. Defendant issued policies 401–777406, 401–718593, 401–777608 and 401–718511 on behalf of Capital America Mortgage Corp. (Capital)[1] or its successors guaranteeing that certain mortgages had first rank in the Registry of Property. These mortgages and their insurance policies were transferred to James T. Barnes of Puerto Rico, Inc. (J. T. Barnes) and later assigned

---

1. Defendant voluntarily dismissed a third-party complaint against Capital and/or Jaime Carlo and his wife Lucy Carlo, directors of Capital, as well as against the Canales Law Firm, the lawyers that notarized the mortgage deeds.

to plaintiff by the Government National Mortgage Association (GNMA) as part of several federal guaranteed loan portfolios obtained from various mortgage bankers to which GNMA had terminated its commitment because of their default. When defendant issued the title insurance it relied on photocopies of checks made by Capital showing release of the previous liens on the properties. Defendant later obtained judgment against Capital and Mr. and Mrs. Jaime Carlo in the Superior Court of Puerto Rico, Civil No. 80–1985, for fraudulently conveying to defendant that previous liens had been released. The judgment, which amounts to more than $400,000 [2] and includes the mortgages covered by the insurance policies here in issue, is sought to be enforced by defendant in Civil No. 80–15486 in the Circuit Court of the Thirteenth Circuit in and for Hillsborough County, Florida.

Plaintiff seeks reimbursement of the amounts it paid to Puerto Rico Financial Corporation (P. R. Financial) to release the prior liens on two of the insured properties which P. R. Financial was trying to enforce upon the debtor's default. It also requests that defendant release all previous liens on the other insured properties in compliance with the title insurance policy. Defendant does not contest the fact that it issued the four policies guaranteeing the first rank of the mortgages and that plaintiff is a successor insured to whom coverage has been denied. Nor has defendant denied that it obtained judgment against Capital and its directors in the total sum needed to release

all the prior liens that had been fraudulently represented as canceled. It argues, however, that plaintiff cannot recover on the policy because it cannot be considered a holder in due course since it should have known that J. T. Barnes was under investigation by the Department of Housing and Urban Development (HUD). In support of this defendant has presented the affidavit of F. Linton Sloan, its counsel in Florida and the Caribbean area.[3] It is also contended that the transfer by GNMA of the federal subsidized loans resulted in placing plaintiff "in the shoes of J.T. Barnes"[4] and therefore plaintiff cannot assert ignorance of J. T. Barnes' fraudulent activities.

■ Defendant has misplaced its attention by defining the issue in terms of whether plaintiff was a holder in due course. This action is one for breach of a contract of insurance. Plaintiff is not seeking against its debtors a first rank enforcement of the mortgages to which they hold the promissory notes, a situation which might require the interplay of Articles 404–412 of the Commerce Code of Puerto Rico. *Puerto Rico Laws Ann.*, Tit. 19, Sec. 91–99.[5] The contract sought to be enforced is the title insurance policy and the action is brought against the insurer for its alleged breach and not against the mortgagees for default on the loan or against the mortgagors holding the prior liens.

In Puerto Rico, Article 1044 of the *Civil Code* provides that obligations that arise from contracts have force of law between the contracting parties. *P.R.Laws Ann.*,

---

**2.** The amount claimed by plaintiff in this action is approximately $40,000.

**3.** The sworn statement reads:
4. That at the time the loans which are guaranteed by mortgages which are supposedly insured by title policies issued by Commonwealth Land Title Insurance Company, James T. Barnes was under investigation from HUD Inspectors and Capital America Mortgage Corp. was rumored to have committed fraud in the inception of loans, which rumors proved to be a fact well before the loans were transferred to plaintiff.

**4.** The assignment agreement between GNMA and plaintiff does not support said conclusion.

There is nothing in the record to suggest that plaintiff consolidated with J. T. Barnes.

**5.** Even if we were to transplant to this action for breach of an insurance contract the legislation designed to deal with the particular situation of negotiable instruments, defendants' general allegations as to J. T. Barnes' problems with HUD are not specific enough to create a legitimate controversy on whether plaintiff, who obtained the loans from GNMA rather than from J. T. Barnes, is a holder in due course with regard to the specific loans involved in this action. See: *P.R.Laws Ann.*, Tit. 19, Sec. 96 (actual knowledge of infirmity required).

Tit. 31, Sec. 2994. We must determine if the contents of the policy and the arguments presented are sufficient, within the guidelines of Rule 56, to indicate defendant's noncompliance with the contract.

■ The policy contains an exclusion of coverage [6] of any defects or encumbrances in the title that were created by the insured or known by him to exist but unknown to the insurer. The policy requires that the insured have actual knowledge, not constructive knowledge or notice which may be imputed by reason of any public records.[7] Plaintiff has by sworn statement asserted that it has never had any business relationship or connection with either Capital or J. T. Barnes other than acquiring their loan portfolios from GNMA and that it did not have any knowledge nor information of any defect in title at the time it acquired the mortgage loans. Defendant opposed this statement with the affidavit of its attorney in which a general reference is made to J. T. Barnes and Capital's shady dealings. Although the burden in persuading the court of the existence of a controversy on material issues of facts lies with the party seeking summary judgment, once the movant establishes the absence of controversy the opposing party cannot rest on its allegations but must come forward with probative evidence in support of its contentions with sufficient vigor so as to defeat the movant's supporting documents or create reasonable doubt on the existence of controversies on material issues of fact. See: *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *First National Bank of*

*Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461 (1st Cir. 1975) *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54.

■ The controversy must be genuine and as to a material fact that affects the outcome of the case. *Hahn v. Sargent, ante*, at 464. To be genuine, the material issue must be established by substantial evidence that transcends the allegations. *Id.* Specific facts creating the dispute must be set forth; general allegations and mere conclusory statements are insufficient. *Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24 (1st Cir. 1980).

■ Defendant's extremely general statements on the public knowledge of the fraudulent banking activities of J. T. Barnes and Capital are insufficient to create a controversy on the central issue of this action whether plaintiff knew when it acquired the loans that Capital had misrepresented to defendant the release of the prior liens to thus be excluded from coverage by the terms of the policy. In fact, we have not even been placed in a position to know what particular conduct of J. T. Barnes led to the HUD investigation and the relationship, if any, of this conduct to the particular insurance policy here involved. Defendant has not shown either by sworn statements or as otherwise provided in Rule 56 that plaintiff knew of the fraudulent activity of Capital and Carlo regarding the particular insured liens object of this dispute.

---

**6.** Policy number 401–777406 offered by plaintiff as Exhibit 1 reads:
  Schedule of Exclusions from Coverage
  The following matters are expressly excluded from the coverage of this policy:
  1. . . . .
  2. . . . .
  3. Defects liens encumbrances, adverse claims or other matters a) created, suffered, assumed or agreed to by the insured claimant; b) not known to the company and not shown by the public records but known to the insured claimant either at date of policy or at the date such claimant acquired an estate or interest insured by this policy or acquired the insured mortgage and not dis-

closed in writing by the insured claimant to the company prior to the date such insured claimant became an insured hereunder; c) resulting in no loss or damage to the insured claimant.

**7.** 1) Definition of terms
  The following terms when used in this policy mean:
  a. . . . .
  b. . . . .
  c. "knowledge:" Actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of any public records.

Its failure to present an effective opposition coupled with the fact that judgment against Capital-Carlo was entered in the local court and defendant's statement that as soon as it recovers this judgment it will reimburse the amounts to plaintiff,[8] convincingly reveal that there is no real defense to plaintiff's claim which would make a trial necessary.

Plaintiff having adequately shown that there is no genuine issue as to material facts, and being entitled to judgment as a matter of law, it is ORDERED that defendant forward to plaintiff the amounts already paid on the previous liens and release the previous liens on the remaining insured loans.[9]

SO ORDERED.

8. "If collection were ever effected against Capital American Corp. and/or Jaime Carlo concerning the four policies which are the subject of this complaint the said proceeds would be assigned to plaintiff International Charter Mortgage Corporation." Allegation number two, Motion in Opposition to Motion for Summary Judgment filed on April 9, 1981.

9. Defendant had previously admitted liability on policy number 401–777608.