Michael C. **BRYSON,**
Plaintiff, Appellant,

v.

**ROYAL BUSINESS GROUP, et al.,**
Defendants, Appellees.

No. 84–1991.

United States Court of Appeals,
First Circuit.

Argued April 1, 1985.
Decided June 12, 1985.

Herbert E. Milstein, Washington, D.C., with whom Lisa M. Mezzetti, Kohn, Milstein, Cohen & Hausfeld, Washington, D.C., Glen DeValerio, Harry A. Garfield, II and Berman, DeValerio & Pease, Boston, Mass., were on brief, for plaintiff, appellant.

Thomas R. Murtagh, Boston, Mass., with whom Bruce F. Metge and Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, Mass., were on brief, for Royal Business Group, Inc. and Real O. Roy.

Franklin B. Velie, New York City, with whom Janis G. White and Christy & Viener, New York City, were on brief, for Michael R. Stanfield, Robert B. Machinist, Midland Venture Capital, Ltd. and American Business Group, Inc. Liquidating Trust.

Alan J. Sorkowitz with whom C. MacNeil Mitchell and Breed, Abbott & Morgan, New York City, were on brief, for Ladenburg, Thalmann & Co., Inc. and J.J.B. Hilliard, W.L. Lyons, Inc.

---

\* Of the Third Circuit, sitting by designation.

1. In issuing its ruling from the bench, the district court stated: "With respect to Count Three, the Court does not grant a 12(b)(6) motion, but rather the summary judgment motion. There is simply no basis in the facts of record that these defendants knew of any misrepresentations in the prospectus."

2. The defendants in this case are Royal Business (the company that issued the prospectus in question), Real O. Roy (the chairman of the board and chief executive officer of Royal Business),

Before COFFIN, Circuit Judge, ALDRICH and ROSENN,\* Senior Circuit Judges.

ROSENN, Circuit Judge.

Plaintiff, Michael C. Bryson, appeals from the district court's grant of summary judgment against him in this securities case. The district court based its decision primarily on plaintiff's failure to produce facts to support his allegation of *scienter.*[1] For example, plaintiff failed to submit any affidavit countering an affidavit submitted by the chairman of the board and chief executive officer of Royal Business Machine Group, Inc. (the Company or Royal Business). We affirm.

I.

On April 6, 1984, plaintiff Michael Bryson commenced a class action against certain defendants[2] for violations of the federal securities laws. In particular, counts I and II of the complaint allege violations of sections 11 and 12(2) of the Securities Act of 1933, and count III alleges a violation of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 as promulgated thereunder. The complaint alleges that the defendants failed to disclose, and misrepresented, material facts concerning the status of operations and future business prospects of the Company. These misrepresentations and omissions supposedly began in June 1983, when Royal Business was raising capital through a public offering of its common stock. Plaintiff contends that the prospectus presented the Company as an innovative and leading competitor in the field of marketing business forms and of-

Michael P. Stanfield and Robert B. Machinist (two other directors of the Company), Midland Venture Capital, Ltd. (a business investment company that sold approximately 40,000 shares of Royal Business' common stock through the public offering and prospectus in question), American Business Group, Inc. Liquidating Trust and Joseph E. Cresci (two major selling shareholders in the public offering), and Ladenburg, Thalmann & Co., Inc. and J.J.B. Hilliard, W.L. Lyons, Inc. (the two leading underwriters for the public offering).

fice supplies. He claims that much emphasis was placed on the capabilities of its computer system. According to the plaintiff, however, at the time of the public offering the computer capabilities of Royal Business were in serious disarray. This allegedly necessitated defendants' "converting to an in-house computer system on an emergency basis," causing the Company substantial financial problems.

On June 7, 1984, defendants' counsel deposed plaintiff. At this deposition, it was apparent that the sole basis for plaintiff's contention of *scienter* was that the Company's problems arose in the fourth quarter, and plaintiff assumed that the prospectus, also issued by the Company in the fourth quarter, should have disclosed the problems.

On July 9, 1984, defendants filed a "Joint Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment." Plaintiff subsequently filed his opposition to the defendants' motion. The plaintiff's response, however, failed to address the defendants' motion for summary judgment. Instead, the response merely attempted to bolster the *legal allegations* of the complaint.

On September 21, 1984, defendants filed a reply to plaintiff's opposition. In addition, they submitted an affidavit by Real O. Roy, chairman of the board and chief executive officer of Royal Business, in support of the motion for summary judgment. The affidavit averred that Royal Business' "Systems Contracting Division" had its own in-house computer capacity from at least 1982 through the period alleged in the complaint, and asserted that all statements in the prospectus relating to Royal Business' computer capacity were accurate. The affidavit also stated that the computer conversion, which was described in a November 14, 1983 letter sent to the shareholders, occurred in the "Business Forms Division," not the Systems Contracting Division.

It is also worth noting that, in their reply to the plaintiff's opposition, the defendants specifically informed plaintiff of his duty under Rule 56(e) of the Federal Rules of Civil Procedure not to rest "upon the mere allegations or denials of his pleading, but [in] his response, by affidavits or as otherwise provided in this rule, [to] set forth specific facts showing that there is a genuine issue for trial". Nonetheless, the plaintiff never produced any facts to support the allegation of *scienter*. Instead of submitting supporting affidavits, the plaintiff persisted only with legal arguments.

On November 5, 1984, the district court held a hearing on the defendants' motion. After hearing from the parties, the court dismissed counts I and II of the complaint without prejudice to renew. As to count III, the court granted summary judgment in favor of the defendants, primarily on the ground that the plaintiff had presented no proof to support his allegation of *scienter*.[3] Plaintiff appeals from the district court's decision on count III.[4]

## II.

Rule 56 of the Federal Rules of Civil Procedure sets forth the burden of the opponent of a summary judgment motion:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party *may not rest*

---

**3.** The term *"scienter,"* as applied to conduct necessary to give rise to an action for civil damages under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, generally refers to a mental state embracing "intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1976). A showing of *scienter* is required when a plaintiff claims violations of section 10(b) and Rule 10b–5. *See id.* Thus, a lack of any showing of *scienter* is alone sufficient to support a motion for summary judgment. *See Reiss v. Pan American World*

*Airways, Inc.,* 711 F.2d 11, 14 (2d Cir.1983) (stating that a failure to prove *scienter* is "an independently dispositive grounds [sic] for summary judgment").

**4.** We find that the district court's order granting summary judgment, although brief, adequately illuminates the relevant facts and law it relied upon in addressing the motion before it. Appellant's arguments to the contrary are unpersuasive.

*upon the mere allegations or denials of his pleading,* but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e) (emphasis added).

Despite several opportunities, and despite the defendants' specific admonition to plaintiff as to his duty under Rule 56, plaintiff never submitted any probative evidence, by affidavit or otherwise, to establish a genuine issue of material fact, at least with respect to *scienter.* Instead, plaintiff relied solely on legal arguments and the allegations in the complaint.[5] The defendants, on the other hand, submitted the affidavit by Roy, the chief executive officer of the Company. This affidavit averred that there were no misrepresentations and that plaintiff's allegations were apparently the result of confusing two divisions of the company.[6] The affidavit further stated that "[a]ll statements in the

prospectus relating to the systems contracting business and its computer capacity were made in *good faith.* " (Emphasis added.) Thus, it specifically rebuts plaintiff's allegation of *scienter.*

■ Primarily on the basis of the Roy affidavit, the district court granted summary judgment, finding that the plaintiff had presented no proof of either *scienter* or misrepresentation. Because the affidavit of the chief executive officer *is,* at least as to *scienter,* uncontradicted,[7] and because of the well-accepted proposition that the party opposing a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, *see* Fed.R. Civ.P. 56(e); *see also Transurface Carriers, Inc. v. Ford Motor Co.,* 738 F.2d 42, 46 (1st Cir.1984); *Mas Marques v. Digital Equipment Corp.,* 637 F.2d 24, 27 (1st Cir.1980), the district court's entry of summary judgment here is entirely appropriate.

Plaintiff's primary counter-argument is that he was not afforded a sufficient oppor-

**5.** For instance, plaintiff states in his brief that the "genuine issues of material fact are those which exist solely from the allegations of the complaint and the one affidavit of Mr. Roy submitted on the motion." Appellant's brief at 14.

**6.** Roy's affidavit suggests that the plaintiff ignored the existence of two separate divisions. That is, the plaintiff, in drafting his complaint, apparently incorrectly grafted the problems of one division onto the earlier statements in the prospectus about the other division. According to Roy's affidavit, a proper investigation would have revealed that the letter of November 14, 1983 (describing the computer conversion, and related problems, to the shareholders) and the prospectus were, in reality, not inconsistent and did not even treat the same subject matter: the letter concerned the Business Forms Division; the prospectus' statements related to the Systems Contracting Division. As detailed in the affidavit, the two divisions are unrelated: they have separate facilities, separate customers, and the two divisions are even located in different cities. As also stated by Roy, the Business Forms Division's computer conversion bore no relation to the System Contracting Division's *existing* and *functional* in-house computer system.

**7.** It could be argued that the Roy affidavit was countered by plaintiff Michael Bryson's deposi-

tion. The plaintiff, however, really does not raise this argument, *see supra* note 5, and rightly not. At the deposition it became clear that plaintiff's sole basis for the contention of *scienter* was that the company's problems arose in the fourth quarter, and plaintiff assumed that the prospectus, also issued in the fourth quarter, should have disclosed the problems. As the district court found, this is really only speculation and allegation, not proof. That is, plaintiff apparently tried to rely on the notion of "fraud by hindsight"—a notion that is typically not sufficient to support a finding of fraud:

> [T]he complaint is an example of alleging fraud by hindsight. For the most part, plaintiff has simply seized upon disclosures made in later annual reports and alleged that they should have been made in earlier ones. While greater clairvoyance in 1973 might have led to a realization that [investments were risky and speculative], failure to make such perceptions does not constitute fraud.

*Denny v. Barber,* 576 F.2d 465, 470 (2d Cir. 1978); *cf. In re Ramada Inns Securities Litigation,* 550 F.Supp. 1127, 1132 (D.Del.1982). The deposition, then, although arguably constituting some proof of misrepresentation by omission (and thus arguably countering the Roy affidavit in this respect), does not provide proof of *scienter.*

tunity for discovery and thus could not be expected to submit an affidavit or other probative evidence. This argument is unpersuasive. First, plaintiff had ample time to do discovery. The defendants filed their motion for summary judgment on July 9, 1984, almost four months before the district court held its hearing and entered summary judgment. In addition, the defendants, in their motion, explicitly stated that the plaintiff could not prove any allegation of *scienter* as required for a Rule 10b–5 claim. Thus, plaintiff should have been aware of at least one issue on which to properly focus.

Even if plaintiff found four months to be insufficient time to perform discovery, this does not excuse his failure to submit support for his position. Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or *may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.*

Fed.R.Civ.P. 56(f) (emphasis added). Thus, plaintiff could have requested an extension of time. The plaintiff, however, did not avail himself of this opportunity. Under comparable circumstances, this circuit has permitted summary judgment:

> [A]ppellant had ample time to begin discovery prior to the hearing on summary judgment but chose not to do so. Over the Road filed the motion for summary judgment, accompanied by Mr. Vigeant's affidavit, on September 26, 1978. The hearing on the motion was held on January 15, 1979. Had appellant wished to examine Mr. Vigeant, ... it might have taken his deposition in the intervening period.... No explanation was offered why these depositions could not have been scheduled to take place before the summary judgment hearing. Appellant

did not, in fact, request the district court to postpone the hearing until discovery had been taken, as it might have done under Fed.R.Civ.P. 56(f). In these circumstances, the absence of discovery in no way precludes summary judgment. *Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 820–21 (1st Cir.1980); *accord Mendez v. Belton*, 739 F.2d 15, 18–19 (1st Cir.1984) (affirming summary judgment despite outstanding discovery requests).

### III.

In summary, this is a case in which the district court properly acted on a motion for summary judgment, there being an essentially uncontradicted affidavit submitted by the defendants. Because the plaintiff inexcusably failed adequately to respond, the district court justifiably entered summary judgment for the defendants. Accordingly, the judgment of the district court is affirmed.