Ana M. **HIRSBRUNNER**, Plaintiff,

v.

Hector **MARTINEZ RAMIREZ**, et al., Defendants.

Civil No. 04–1259 (HL).

United States District Court, D. Puerto Rico.

July 14, 2006.

Laura Maldonado–Rodriguez, Laura Maldonado Law Office, San Juan, PR, for Plaintiff.

Edward W. Hill–Tollinche, Jose R. Olmo–Rodriguez, Olmo & Rodriguez Matias El Centro I, San Juan, PR, for Defendants.

## OPINION AND ORDER

LAFFITTE, Senior District Judge.

Plaintiff Ana M. Hirsbrunner brings this action against her former employers,[1] alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff also seeks to invoke this Court's supplemental jurisdic-

---

1. Defendants in this case are SMED Puerto Rico, Inc.; SMED Argentina, Inc.; Héctor Martínez Ramirez; Claudia Rajchevich; and the conjugal partnership formed between Martínez Ramirez and Rajchevich.

tion over claims arising under the laws of the Commonwealth of Puerto Rico. *See* 28 U.S.C. § 1367. Pending before the Court is defendants' motion for summary judgment.[2] Specifically, defendants seek summary judgment on the grounds that the Court lacks subject matter jurisdiction over plaintiff's Title VII claims. After requesting multiple extensions of time, Plaintiff filed an opposition to said motion.[3]

For the reasons set forth below, defendants' motion for summary judgment is denied.

## STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains

whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir.1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, " 'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] ... which it believes demonstrate the absence of a genuine issue of material fact.' " *Crawford–El v. Britton*, 523 U.S. 574, 600 n. 22, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed. R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## FACTUAL BACKGROUND [4]

Plaintiff Hirsbrunner began working for SMED Argentina, S.A. as the company's vice-president in 1999. In March of 2002, the SMED Argentina office was closed,

---

**2.** *See* Dkt. Nos. 36 & 37.

**3.** *See* Dkt. Nos. 52–54.

**4.** The Court shall not consider the facts associated with the following exhibits submitted by plaintiff, (except where said facts are also supported by other exhibits or record citation properly presented to the Court): Ex. D (Dkt.

No. 54–5) which is in the Spanish language and is not accompanied by any English translation; Ex. E which was not filed with the Court; and any reference to Ada Sonera's deposition as the transcript of said deposition was not filed with the Court. *See* D.P.R. L.Civ.R. 56(c); 48 U.S.C. § 864.

and Hirsbrunner was transferred to work with SMED Puerto Rico, Inc. Hirsbrunner worked with SMED Puerto Rico from April of 2002 until October of 2002. During that time, Hirsbrunner lived at a company-paid apartment in the Condado del Mar condominium located in the Condado district of the metropolitan area of San Juan, Puerto Rico. On or around June of 2002, Hirsbrunner commenced a consensual sexual relationship with the president and director of SMED Puerto Rico, Hector Martínez Ramirez ("Martínez"). In October of 2002, Hirsbrunner informed Martínez that she wanted to terminate their relationship. Martínez allegedly reacted violently, continued to enter the company apartment with spare keys, and destroyed Hirsbrunner's passport, personal papers, and other property. Thereafter, Hirsbrunner obtained a restraining order against Martínez from the Municipal Court of San Juan, Puerto Rico.

After October 18, 2002, Martínez ceased to pay Hirsbrunner's salary. Thereafter Hirsbrunner states that she never visited the company apartment nor received any other employment-related benefits. Hirsbrunner also claims that Martínez continued to harass her and her family members, by insisting that she come back to work on the condition of continuing an intimate relationship with him. On February 19, 2003, Hirsbrunner and Martínez, acting in his personal capacity and as an authorized representative of SMED Puerto Rico, Inc. and SMED Argentina S.A. signed a settlement and release agreement entitled "Confidential Settlement and General Release Stipulation."[5] (translation ours).

Martínez managed a group of companies under the umbrella corporation, Grupo HM Corporation (also referred to by its English name HM Group Corporation). In 1998, HM Group Corporation was appointed distributors for the SMED International line of products. At that time SMED International was a Canada-based company. In agreement with SMED International, HM Group Corporation created different SMED corporations for different Latin American or Caribbean countries, including SMED Puerto Rico, SMED Dominicana, SMED de Venezuela, SMED Argentina. Martínez was the president and HM Group Corporation was the holding corporation of all these individual country-specific SMED companies. Another company, Marmol, fell under the umbrella HM Group Corporation. In addition to other employees, Martínez's mother, father, and brother worked in most of the HM Group Corporation companies.

During the time period that Hirsbrunner claims to have been employed by defendants, SMED Puerto Rico had no more than six (6) employees (not including Hirsbrunner) and SMED Argentina's only employee was Hirsbrunner. Hirsbrunner claims that the HM Group Corporation umbrella employed more than fifteen (15) employees, and specifically claims that while she was employed with SMED Puerto Rico she worked with nineteen (19) other co-employees.

Hirsbrunner is an Argentinean national. She has never had a work permit or any other authorization to work in the United States. Hirsbrunner asked Martínez to assist her in securing a work visa, but he refused to do so. Hirsbrunner has never paid taxes in the United States.

## DISCUSSION

Defendants move for summary judgment on the grounds that the Court lacks

---

5. In its original Spanish form the agreement was entitled *"Estipulación de Transacción y* *Revelevo General Confidencial."*

subject matter jurisdiction over Hirsbrunner's claims for two reasons: (1) defendants were not employers within the meaning of Title VII because they collectively had less than fifteen employees; and (2) Title VII does not provide protection because Hirsbrunner was an alien employed to work outside of the United States. The Court addresses, and ultimately rejects, these arguments in turn.

Title VII defines an employer to be "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). It is clear from the record that neither SMED Puerto Rico nor SMED Argentina independently or jointly had fifteen or more employees. This fact, however, does not end the Court's inquiry. A defendant may still satisfy Title VII's numerical threshold requirement, and consequently qualify as an employer under Title VII pursuant to a "single-employer theory." *See Romano v. U-Haul Int'l*, 233 F.3d 655, 665 (1 st Cir.2000); *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 27 (1st Cir.1980).

The Court of Appeals for the First Circuit has assumed without deciding that employers can be liable under Title VII pursuant to a single-employer theory and have "identified three recognized methods for determining whether a single employer exists under Title VII: the integrated-enterprise test, the corporate law 'sham' test, and the agency test." *Romano*, 233 F.3d at 665 (citing *Mas Marques*, 637 F.2d at 27). The First Circuit has further acknowledged that the integrated-enterprise test is the most widely recognized approach to addressing the single-employer issue for Title VII purposes. *Id.* at 665–666.

"Under the integrated-enterprise test, a single employer exists if the following four factors are present: (1) interrelation of operations; (2) common management; (3) centralized control of labor operations; and (4) common ownership." *Molina Viera v. Yacoub*, 425 F.Supp.2d 202, 204 (D.P.R.2006) (citing *Romano*, 233 F.3d at 666). A primary consideration in this analysis is control of employment decisions. *Romano*, 233 F.3d at 666. In the present case, Hirsbrunner submits undisputed evidence that the HM Group Corporation and the individual SMED companies that fell under the HM Group umbrella were all owned and managed by Martínez. It also appears from the record on summary judgment, that there was extensive interrelation of operations between the HM Group Corporation companies. Most notably, there further appears to have been unified control of labor operations and employment decisions between the HM Group Corporation, SMED Argentina, SMED Puerto Rico, Marmol, and the other companies held by HM Group Corporation.

In their five page motion for summary judgment, with respect to their argument that they are not employers under Title VII, defendants simply argue that SMED Argentina and SMED Puerto Rico did not collectively have fifteen or more employees. Defendants do not comment on the number of employees that HM Group Corporation or its affiliate companies employed during the relevant time period. Further, defendants have not opposed or otherwise responded in any manner to plaintiff's assertion that defendants qualify as a single-employer under an integrated-enterprise theory. Plaintiff Hirsbrunner, on the other hand, submits an affidavit stating that when she was employed with SMED Puerto Rico she worked with nineteen (19) other co-employees in Puerto

Rico.[6] Reviewing the record in the light most favorable to the non-moving party, Hirsbrunner, the Court finds that genuine issues of fact exist as to whether defendants qualify as an employer within the meaning of Title VII under a integrated-enterprise test.

■ The United States Supreme Court has delineated that the issue of whether a defendant meets Title VII's employer numerosity requirement is an element of a plaintiff's claim for relief and does not circumscribe federal court subject-matter jurisdiction. *Arbaugh v. Y & H Corp.,* —— U.S. ——, ——–——, 126 S.Ct. 1235, 1244–1245, 163 L.Ed.2d 1097 (2006). When satisfaction of Title VII's numerical qualification is at issue—as it is here—the jury, rather than the trial court, is the proper trier of contested facts. *Id.* at 1244 (citing *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150–151, 120 S.Ct. 2097, 147 L.Ed.2d 105). Accordingly, defendants' motion for summary judgment on the grounds that defendants are not employers as defined by Title VII is denied.

■■ The Court now turns to defendants' second argument that Title VII is inapplicable to the present case because Hirsbrunner was an alien employed to work outside of the United States. Title VII provides in relevant part that "[t]his subchapter shall not apply to an employer with respect to the employment of aliens outside any State." 42 U.S.C. § 2000e–1(a). Defendants argue that even if Hirsbrunner had been employed by SMED Puerto Rico, there is no jurisdiction under Title VII because Hirsbrunner is an Argentinean citizen that has never held a permit to work in the United States, and never paid taxes in the United States.[7] The Court in unpersuaded by this argument.

■ First, the cited statute, 42 U.S.C. § 2000e–1(a), is inapplicable to the present case because Hirsbrunner seeks redress for allegedly discriminatory actions taken by defendants while Hirsbrunner was working in Puerto Rico. It is undeniable that for Title VII purposes, Puerto Rico is considered a state rather than a foreign country. Thus, the fact that Title VII shall not apply extraterritorially "to the employment of aliens *outside any State,*" is inapposite to the case at bar. 42 U.S.C. § 2000e–1(a) (emphasis ours); *see also Shekoyan v. Sibley Int'l,* 409 F.3d 414, 422 (D.C.Cir.2005.)

■ Second, it is well-settled that Title VII affords aliens working in the

---

**6.** As Plaintiff's assertion that SMED Puerto Rico and HM Group Corporation collectively employed twenty (20) persons to work in Puerto Rico during the relevant time period is uncontested, for the purpose of summary judgment, the Court need not reach the issue of whether a foreign corporation's employees should be counted in determining whether a defendant meets Title VII's employer numerosity requirement. Moreover, even if the Court had been properly briefed and thereby was posited to address this question, the Court's disposition of the present motion for summary judgment would not likely be altered. *See Kang v. U. Lim Amer., Inc.,* 296 F.3d 810 (9th Cir.2002) (holding that the fact that some employees of an integrated enterprise are not themselves covered by federal anti-discrimination law does not preclude counting them as employees for the purposes of determining Title VII coverage.); *cf. Morelli v. Cedel,* 141 F.3d 39, 44–45 (2d. Cir.1998)(relying on Title VII precedent and analysis in holding that a foreign corporation's foreign employees cannot be ignored merely because they work overseas when determining whether the defendant satisfied the ADEA's minimum employee threshold.).

**7.** Defendants also argue that Hirsbrunner never paid taxes in the Commonwealth of Puerto Rico. However, this fact is not contained in defendants' Local Rule 56(b) statement and thus, will not be considered by the Court. *See* D.P.R. L.Civ.R. 56(b).

**16**

United States protection irrespective of whether they are authorized to work in the United States. *See Rivera v. NIBCO, Inc.,* 364 F.3d 1057 (9th Cir.2004). Further, Title VII applies to foreign corporations to the extent that they employ people and discriminate against them within the United States. *See Morelli v. Cedel,* 141 F.3d 39, 43 (2d Cir.1998) (finding that a foreign employer's domestic operations fall within the reach of Title VII). Therefore, inasmuch as Hirsbrunner seeks relief for any alleged discriminatory action taken against her while working in Puerto Rico, the fact that Hirsbrunner may have been an undocumented alien lacking authorization to work in the United States or may have been employed by a foreign company—without more—cannot divest this Court of jurisdiction over her Title VII sexual harassment claims. Accordingly, defendants' motion for summary judgment dismissing the instant action pursuant to 42 U.S.C. § 2000e–1(a) is denied.

 Finally, it is clear from the complaint that co-defendant Claudia Rajchevich was brought into the present action on the sole basis that she is the wife of co-defendant Martínez. As stated at the outset, Title VII defines an employer to be "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). It is clear that co-defendant Claudia Rajchevich is not an employer within the meaning of Title VII. As such, plaintiff cannot maintain a Title VII action against her. *Cf. Figueroa–Garay v. Municipality of Rio Grande,* 364 F.Supp.2d 117, 130 (D.P.R. 2005); *Acevedo Vargas v. Colon,* 2 F.Supp.2d 203, 206–207 (D.P.R.1998); *Flamand v. American Int'l Group, Inc.,* 876 F.Supp. 356, 361 (D.P.R.1994). According-

ly, plaintiff's claims against co-defendant Rajchevich are hereby ordered dismissed.

### CONCLUSION

For the aforementioned reasons, defendants' motion for summary judgment is denied. Plaintiff's claims against co-defendant Claudia Rajchevich are dismissed. Partial judgment shall be entered accordingly. The Court shall enter a scheduling order setting this case for a final pretrial conference and trial forthwith.

**IT IS SO ORDERED.**