Percy RICHARDSON, Plaintiff,

v.

NATIONAL RIFLE ASSOCIATION,
Defendant.

Civ. A. No. 94–1977 (PLF).

United States District Court,
District of Columbia.

Dec. 19, 1994.

Sol Zalel Rosen, Washington, DC, for plaintiff.

Stephen N. Shulman and Stephanie Meltzer, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

Percy Richardson is an African American male who was employed by the National Rifle Association as an Assistant Manager from August 1989 until his discharge in March 1992. He alleges that the NRA engaged in racial discrimination by paying him a lower salary than similarly situated co-workers, unfairly placing him on probation after he was promoted to a new position, unjustifiably subjecting him to three performance evaluations between June and August 1992 and placing him on probation three times, subjecting him to unjust criticism in

reference to his work and management style, and retaliating against him by terminating his employment after he complained of discriminatory treatment. Complaint, Count I, ¶ 4. In a three-count complaint, plaintiff alleges that his discharge was racially motivated and retaliatory. Count I alleges a violation of 42 U.S.C. § 1981, Count II a violation of the Human Rights Law of the District of Columbia, and Count III unlawful discharge. Defendant has moved to dismiss Counts II and III of the complaint and for summary judgment on all counts. The Court grants the motion for summary judgment.

### A. Summary Judgment Standard

■ Under Rule 56, Fed.R.Civ.P., summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2514; *see also Washington Post Co. v. U.S. Dept. of Health and Human Services,* 865 F.2d 320, 325 (D.C.Cir.1989). But the non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. *Laningham v. U.S. Navy,* 813 F.2d 1236, 1242 (D.C.Cir.1987). If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249–50, 106 S.Ct. at 2511.

■ In discrimination cases, summary judgment must be approached with special caution, and the Court "must be extra-careful to view all the evidence in the light most favorable" to plaintiff. *Ross v. Runyon,* 859 F.Supp. 15, 21–22 (D.D.C.1994). Nevertheless, a plaintiff is not relieved in a discrimination case of his obligation to support his allegations by affidavits or other competent evidence showing that there is a genuine issue for trial. If defendant provides evidence that plaintiff was terminated because of poor performance, as it has here, plaintiff "must then bring forward evidence of the pretextual nature of the legitimate non-discriminatory purpose posited by defendant.... Evidence of discrimination that is 'merely colorable', or 'not significantly probative' cannot prevent the issuance of summary judgment." *Johnson v. Digital Equipment Corp.,* 836 F.Supp. 14, 15 (D.D.C.1993) (citation omitted). Plaintiff's response to defendant's motion fails to meet this test, and defendant's motion therefore will be granted.

■ Preliminarily, the Court addresses plaintiff's contention, raised for the first time at oral argument, that he is entitled to discovery before the Court rules on defendant's motion for summary judgment. Plaintiff did not file a motion under Rule 56(f), Fed.R.Civ. P., to seek postponement of the Court's consideration of the motion until after discovery, but instead filed an opposition to the summary judgment motion on the merits. Under Rule 56(f), the Court upon request may defer ruling on a summary judgment motion and allow the non-moving party an opportunity through limited discovery to obtain information relevant to an issue of material fact he maintains is in dispute. The party opposing summary judgment and seeking deferral, usually but not invariably by motion and affidavit, must (i) alert the Court to the need for further discovery and (ii) demonstrate, either through an affidavit or other documents such as opposing motions and outstanding discovery requests, how additional discovery will enable it to rebut the movant's allegations of no genuine issue of fact. *First Chicago International v. United Exchange Co., LTD.,* 836 F.2d 1375, 1380 (D.C.Cir. 1988); *Exxon Corp. v. FTC,* 663 F.2d 120, 128 (D.C.Cir.1980). A Rule 56(f) affidavit or

other material supporting the motion must provide reasons why the non-moving party cannot present facts in opposition and how additional discovery will provide those facts, not simply assert that "certain information" and "other evidence" may exist and may be obtained through discovery. *Keebler Co. v. Murray Bakery Products,* 866 F.2d 1386, 1389 (Fed.Cir.1989).

■ The Court cannot glean from plaintiff's opposition to defendant's motion, from plaintiff's declaration in support of his opposition, or from counsel's statements in open court what additional evidence might be discovered that will provide the support plaintiff needs to raise genuine issues of material fact. Plaintiff has not identified any information or types of information that he may discover that might support the argument that defendant's discharge of plaintiff for poor performance was a mere pretext for an intentional race-based or retaliatory decision. At best, plaintiff has shown that he has some explanations for some of his conduct that defendant says constituted poor performance, but he has identified nothing that might be discovered regarding pretext. Indeed, until oral argument, both parties seemed content to await a decision on the motion before commencing any discovery. The papers filed by plaintiff do not meet the Rule 56(f) test, and the Court cannot conclude that his last-minute plea for discovery of an undefined character is anything more than an attempt to delay the inevitable grant of defendant's motion.

### B. Racial Discrimination

■ The methods and order of proof applicable to a claim of disparate treatment under Title VII apply equally under Section 1981. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Randle v. LaSalle Telecommunications, Inc.,* 876 F.2d 563, 568 (7th Cir.1989). The *McDonnell Douglas* burden shifting scheme also applies to a claim of retaliatory dismissal. *McKenna v. Weinberger,* 729 F.2d 783, 790 (D.C.Cir.1984). Plaintiff must first prove a prima facie case, which in a case of disparate treatment is established when the plaintiff demonstrates that (1) he is a member of a protected class, (2) he was terminated from his position, and (3) he was replaced by a member of a non-protected class of equal or lesser qualifications or that non-members of the protected class were treated more favorably. In order to show a prima facie case of retaliation, a plaintiff must establish that (1) he engaged in protected behavior, (2) he was subject to an adverse action by his employer, and (3) there is a causal link between the adverse action and the protected activity. *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985); *McKenna v. Weinberger,* 729 F.2d at 790. If the plaintiff succeeds in making a prima facie case, the burden shifts to the defendant to provide evidence of a legitimate non-discriminatory reason for the termination or other adverse action. Once the defendant has substantiated the legitimate non-discriminatory reason, the burden shifts back to the plaintiff to provide evidence that the legitimate non-discriminatory reason for the employment decision was merely a pretext for illegal race-based discrimination or retaliation. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Defendant does not dispute that plaintiff has made out a prima facie case with respect to his discrimination claim; Richardson is an African–American male who was terminated from his position and replaced by a white female.[1] Rather, the NRA argues that it had a legitimate non-discriminatory reason for terminating plaintiff. In its statement of undisputed facts, defendant demonstrates that its treatment and discharge of plaintiff was a justified business decision motivated and justified by Mr. Richardson's poor performance and not by racial or retaliatory animus. Mr. Richardson's declaration, which serves as his statement of disputed facts, seeks to show that defendant did not have good reason to keep him on probation

---

1. The plaintiff has not, however, made out a prima facie case of retaliation. Plaintiff has offered no support in either his complaint or his declaration for the allegation that he engaged in protected behavior. Even assuming, arguendo, that the plaintiff could establish a prima facie case of retaliation, as the Court discusses below, the defendant has offered legitimate, nondiscriminatory reasons for the actions that were not a pretext for retaliation.

or to discharge him. He argues that his performance was not inadequate and attempts to raise genuine disputes regarding whether his performance was lacking. The fact that defendant "did not merely articulate—but substantially established—legitimate, nondiscriminatory reasons for [plaintiff's] discharge render[s] more difficult [plaintiff's] task of proving pretext," *Meiri v. Dacon,* 759 F.2d 989, 997 (2d Cir.) (affirming grant of summary judgment), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985), and he has not done so.

■ A review of Mr. Richardson's declaration shows the absence of a genuine issue of material fact sufficient to defeat summary judgment. Paragraphs 1, 3, 11, 22, 23, 24 and 25 of defendant's statement of undisputed facts are undisputed. Paragraphs 2, 8, 9, 16 and 18 are disputed in part and paragraphs 17 and 20 are disputed in their entirety, but the Court finds that these disputes are not material even if plaintiff's version of each paragraph is accepted. The question comes down to paragraphs 4, 5, 6, 7, 10, 12, 13, 14, 15, 19 and 21. The fact is, however, that Mr. Richardson's declaration does not contradict these paragraphs. It merely adds information about various criticisms made and memoranda written by Mr. Richardson's supervisor about his performance. His response to each paragraph boils down to his explanation for his performance in each case in which he was criticized, but the additional information does not diminish the significance of the paragraphs or create genuine disputes of fact material to his discrimination or retaliation claims. The statements in the declaration either do not support his allegations or are immaterial.

As defendant points out, while plaintiff provides greater detail in his declaration on the events leading up to his employer's finding of poor performance and disputes whether some of his conduct justified his employer's conclusion, plaintiff has provided no evidence that the NRA's justifications are pretextual. Beyond alleging that he is "an Afro–American male" (Complaint, ¶ 1), Richardson has provided no evidence that race played a role in the NRA's decision to discharge him. Nor has he provided any evidence showing that retaliatory motives played a role in the decision. While he has raised some factual disputes, he has raised no genuine dispute of material fact and certainly no genuine dispute on the most material fact in the case, whether his poor performance provided a legitimate basis for the NRA to discharge him. Plaintiff has provided only conclusory allegations and no evidence to substantiate his claim of intentional racial discrimination, retaliation or pretext for his termination. He has pointed to no specific facts detailed in the pleadings, declarations or other evidentiary matter which, if proven, would give rise to an inference of discriminatory or retaliatory purpose. *See Johnson v. Digital Equipment Co.,* 836 F.Supp. at 18. *Compare Jackson v. American Chemical Soc.,* 812 F.Supp. 239, 242 (D.D.C.1993). Because "the plaintiff rests merely upon 'unsupported allegations and speculations,'" defendant's motion for summary judgment will be granted. *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 895 (1st Cir.1988) (quoting *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 110 (1st Cir.1988)); *see also Meiri v. Dacon,* 759 F.2d at 997–98.

Plaintiff's failure to raise any genuine issues of material fact requires the entry of judgment for defendant on Count I, Count II and Count III. The Court therefore need not reach defendant's request that Count III be dismissed on the separate ground that plaintiff was an at-will employee and such employees generally have no remedy for wrongful discharge in the District of Columbia. Thus, there is no need to address the limits of the public policy exception to this rule carved out by the District of Columbia Court of Appeals in *Adams v. George W. Cochran & Co.,* 597 A.2d 28, 34 (D.C.1991). *But see Nolting v. National Capital Group, Inc.,* 621 A.2d 1387, 1390 (D.C.1993). The Court notes, however, that a number of decisions of judges of this Court suggest that if there were genuine issues of material fact, plaintiff, even though an at-will employee, would have stated a claim. *See Berman v. Washington Times Corp.,* Civil Action No. 92–2738, slip op. at n. 5 (D.D.C. Sept. 23, 1994); *MacNabb v. MacCartee,* 804 F.Supp. 378, 381 (D.D.C.1992); *Buttell v. American*

*Podiatric Medical Ass'n.,* 700 F.Supp. 592, 600 (D.D.C.1988); *Alder v. Columbia Historical Soc.,* 690 F.Supp. 9, 17 (D.D.C.1988).

In view of the foregoing, the Court GRANTS defendant's Motion for Summary Judgment and enters judgment on all counts in favor of defendant.

SO ORDERED.