Percy RICHARDSON, Plaintiff,

v.

NATIONAL RIFLE ASSOCIATION,
Defendant.

Civ. A. No. 94–1977 (PLF).

United States District Court,
District of Columbia.

March 8, 1995.

Sol Zalel Rosen, Washington, DC, for plaintiff.

Stephen N. Shulman, Stephanie Meltzer, Washington, DC, for defendant.

*MEMORANDUM OPINION
AND ORDER*

FRIEDMAN, District Judge.

This matter is before the Court on plaintiff's Motion for Reconsideration pursuant to Rule 60(b), Fed.R.Civ.P., requesting the Court to set aside its order of December 19, 1994, granting defendant's motion for summary judgment and dismissing the case. Upon consideration of the motion, defendant's opposition thereto and plaintiff's reply, the Court denies the motion to reconsider.

Counsel for plaintiff argues that he has received additional documents from plaintiff that show he was a good worker and that defendant discharged him solely for racial reasons. Counsel also argues that additional discovery will show that the reasons proffered by the defendant to justify the discharge of plaintiff were pretextual, thus enabling plaintiff now to comply with the legal standards necessary to prove employment discrimination. He notes in particular that certain depositions would show that plaintiff was disparately treated by the NRA.

■ The Court finds that plaintiff has not satisfied the criteria for the Court to vacate its judgment under Rule 60(b)(1) or (2), Fed. R.Civ.P.[1] Plaintiff cannot show that the Court should grant relief from its judgment due to "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Fed. R.Civ.P. Because the documents that counsel urges the Court to consider as raising genuine issues of material fact were all in plaintiff's possession at the time the Court considered defendant's motion for summary judgment, plaintiff is charged with knowledge of those facts that might have been useful to the Court's disposition. In opposing defendant's motion, plaintiff necessarily had to know that these documents were pertinent to the issues addressed in the motion. His failure to provide these documents to his lawyer is an insufficient justification for the Court to set aside its judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Fed.R.Civ.P. "A defeated litigant cannot set aside a judgment ... because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858, at 173 (1973); *see Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 28–30 (1st Cir.1980).

■ Nor is the Court persuaded that it should vacate its judgment on grounds of "newly discovered evidence which by due diligence could not have been discovered." Rule 60(b)(2), Fed.R.Civ.P. Plaintiff's evidence is not newly discovered because it was in his possession before the Court rendered its judgment. *See* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2859, at 182–83 (1973). Thus, plaintiff cannot show that the evidence was not and could not by the exercise of due diligence have been discovered or provided to his lawyer in time to present it before entry of judgment. *See UMWA 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C.Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 3040,

125 L.Ed.2d 726 (1993); *Stoller v. Marsh,* 682 F.2d 971, 981 (D.C.Cir.1982), *cert. denied,* 460 U.S. 1037, 103 S.Ct. 1427, 75 L.Ed.2d 787 (1983); *In re Korean Air Lines Disaster,* 156 F.R.D. 18, 21–22 (D.D.C.1994). The so-called newly discovered evidence consists of nine exhibits: four dated in 1992, three dated in 1993, one dated in 1994 and one undated. All of these documents were in plaintiff's possession at the time the motion for summary judgment was briefed; according to counsel, plaintiff simply failed to give them to his lawyer. The documents therefore are not newly discovered.

■ In any event, the Court finds that the material plaintiff wishes to bring to its attention would not change the outcome. The most significant evidence that plaintiff offers is a letter from a member of the NRA board of directors to Mr. Richardson, stating that this board member had two conversations with another NRA director who said he "felt" there was racial discrimination against plaintiff. This hearsay statement is conclusory and appears to have no factual basis. The other documents add nothing at all. When balanced against the uncontroverted evidence provided by the NRA showing its justified reasons for the termination of plaintiff, these documents are insufficient to raise an inference that the NRA's justifications were pretextual. Plaintiff has offered nothing further that raises a genuine issue regarding pretext. Plaintiff's evidence of discrimination remains "merely colorable" and "not significantly probative" to prevent the issuance of summary judgment. *See Richardson v. National Rifle Association,* 871 F.Supp. 499, 501 (D.D.C. 1994). Accordingly, the Court will not set aside its previously entered judgment in this case.

In its Order of December 19, 1994, the Court also denied plaintiff's belated request, pursuant to Rule 56(f), Fed.R.Civ.P., to allow plaintiff to take discovery before the Court ruled on defendant's motion for summary judgment. *Richardson v. National Rifle Association,* 871 F.Supp. 499, 501–02 (D.D.C. 1994). The Court found that plaintiff had

---

1. The other circumstances justifying vacation of a judgment addressed by Rule 60(b)(3), (4), (5) and (6) are irrelevant in this case.

not, as required by the Rule, promptly alerted the Court to his need for discovery or demonstrated how discovery would enable him to rebut the movant's allegations of no genuine issue of material fact. *Id.* In his motion for reconsideration, plaintiff attempts to remedy his previous failure to make a sufficient showing for Rule 56(f) relief, but he has done so in conclusory and speculative terms. The Court finds that plaintiff once again has insufficiently described what would be obtained from additional discovery or how additional information would raise any genuine issues of material fact.

For the forgoing reasons, plaintiff's motion for reconsideration is DENIED.

SO ORDERED.