## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY HODGE,**<br><br>Plaintiff,<br><br>v.<br><br>**THE INVISIBLE EMPIRE, et al.,**<br><br>Defendants. | Civil Action No. 12-cv-1412 (RLW) |

## MEMORANDUM OPINION[1]

After dismissing Plaintiff Larry Hodge's amended complaint for failing to satisfy FED. R. CIV. P. 8(a) (Dkt. Nos. 10 & 11), Mr. Hodge now moves this Court pursuant to FED. R. CIV. P. 60(b) to reconsider. (Dkt. No. 12). Rule 60(b)(1) provides grounds for relief to a party that identifies "mistake, inadvertence, surprise, or excusable neglect." Mr. Hodge had two opportunities to ensure his complaint met the minimal pleading requirements of Rule 8(a), and failed to do so. Mr. Hodge now claims he has not been able to provide all documents in support of his claim "due to the press of other matters and personal obligations." (Dkt. No. 12, at ¶ 3). But "[a] defeated litigant cannot set aside a judgment . . . because he failed to present . . . all of the facts known to him that might have been useful to the court." Richardson v. National Rifle Ass'n, 879 F. Supp. 1, 2 (D.D.C. 1995) (quoting 11 Charles A. Wright & Arthur R. Miller,

---

[1]     This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. Cf. Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

FEDERAL PRACTICE AND PROCEDURE § 2858). Additionally, Mr. Hodge has still not provided any relevant evidence to establish the nature or basis of his initial claim. See Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995) (to obtain Rule 60(b) relief, "the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture").

Accordingly, Mr. Hodge's motion to reconsider will be **DENIED**. A separate Order accompanies this Memorandum Opinion.


SO ORDERED.

Date: January 11, 2013

                                                           
ROBERT L. WILKINS
United States District Judge