Larry COUCH, Plaintiff-Appellant,

v.

The TRAVELERS INSURANCE COMPA-
NY et al., Defendants-Appellees.

No. 75–3894.

United States Court of Appeals,
Fifth Circuit.

May 4, 1977.

Al Tidwell, John D. Self, Hamilton, Ala., for plaintiff-appellant.

Warren B. Lightfoot, Stanley D. Bynum, Birmingham, Ala., for Travelers.

Before MORGAN and RONEY, Circuit Judges, and KING *, District Judge.

PER CURIAM:

In this suit by an injured employee against a Workmen's Compensation insurance carrier for breach of contract and tort for the carrier's failure to properly inspect the employer's premises, two questions are raised on appeal: first, whether the district court properly held that the one year statute of limitations in Alabama bars this action, the critical issue being whether the statute which suspends the operation of the limitation for a person under 21 applies to a 19-year-old married man, and second, whether the plaintiff successfully brought fraud into the case so as to toll the statute of limitations.

As to the first issue, we affirm on the basis of the reasoning set forth in the district court's opinion, attached as an appendix to this opinion.

As to the second ground for appeal, the plaintiff alleges that the court erred in granting a judgment on pleadings based on negligence when the plaintiff did not anticipate the defense of the statute of limitations and did not specifically allege in the original complaint that the limitations statute was tolled by defendant's fraud. Plaintiff thinks he should be allowed to amend his complaint to specifically allege fraud.

A review of the record reveals that plaintiff never successfully brought fraud into his claim.

On July 14, 1975, the defendant moved for reconsideration of its motion for judgment on the pleadings, which had been previously denied, based on the one year statute of limitations. The matter was heard on the motion docket on August 1, 1975, and the district court filed its opinion and final judgment on August 27, 1975.

After final judgment was entered, the plaintiff filed a motion on September 5, 1975, to add his employer, Minnesota Mining and Manufacturing Company, as a party defendant, and to file an amended complaint alleging that the defendants, 3M and Travelers, fraudulently prevented the plaintiff from filing suit in this case by assuring him that he would continue to be employed at his pre-injury pay, even though he could no longer perform the type of work he did prior to injury, if he would not file suit. He also moved the court to reconsider and to alter or amend the judgment in the case.

On September 22, 1975, the district judge considered the motion to reconsider and to alter or amend judgment, as well as the motion to add a defendant, and overruled them all.

The district court did not abuse its discretion in refusing to reopen the case after final judgment had been entered. Plaintiff knew as early as June 2, 1975, that Travelers relied on the one year statute of limitations to dispose of this matter.

A post-judgment motion is addressed to the discretion of the court. No discovery device was used to attempt to explore fraud. Plaintiff's voluminous interrogatories explore every facet of the case except fraud. As to the kind of fraud alleged in the complaint, plaintiff was in a position to raise this issue several months prior to final judgment. "A defeated litigant cannot set aside a judgment because . . . he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." 11 Wright & Miller, *Federal Practice and Procedure*: Civil § 2858. The facts that would support the general allegation of fraud were known to plaintiff at the

time he filed suit and at the time Travelers raised the defense of the statute of limitations.

This Court has previously stated:

[A] district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time.

*Freeman v. Continental Gin Co.,* 381 F.2d 459, 470 (5th Cir. 1967). Plaintiff has failed to show any valid reason why he could not have addressed the issue of fraud tolling the statute of limitations prior to final judgment and thus, we must affirm the decision of the trial court on this discretionary matter.

AFFIRMED.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

LARRY G. COUCH,

    PLAINTIFF,

VS.　　　　　　　　　　　CA75–H–436–J

THE TRAVELERS INSURANCE
COMPANY, ET AL.,

    DEFENDANTS.

## MEMORANDUM OF DECISION

This cause came on to be heard at a regularly scheduled motion docket on August 1, 1975, upon motion of defendant The Travelers Insurance Company asking the court to reconsider its ruling on the earlier filed motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The court has considered the motion, the pleadings, the affidavit and exhibits filed herein and is of the opinion that the motion for reconsideration is due to be granted and that the earlier filed motion for judgment on the pleadings should be reconsidered by the court as a motion by defendant for summary judgment in its favor and that as such it is due to be granted.

On March 26, 1975, Larry G. Couch, a citizen of Alabama, filed suit in the Circuit Court of the Twenty-Fifth Judicial Circuit of Alabama against The Travelers Insurance Company, a Connecticut corporation, with its principal place of business in said state. On April 11, 1975, the defendant duly removed the case to this court.

The plaintiff alleges in his complaint: "That the plaintiff was employed during July of 1973 at the Reflective Products Division of Minnesota Mining and Manufacturing Company, a corporation (hereinafter referred to as 3M), which corporation operated a plant in Guin, Alabama.

"2. That the defendant was the insurer of 3M for purposes of Workmen's Compensation Insurance and as a provision of said insurance contract defendant undertook to inspect 3M's premises for violation of good safety practices and for dangerous conditions."

Thereafter plaintiff sets forth (most favorably construed from his viewpoint) a cause of action for breach of contract as follows:

"3. That the plaintiff was a third party beneficiary of the said insurance contract between 3M and the defendant.

"4. That the defendant breached the said insurance contract by failing to properly inspect the said premises which breach resulted in injury to the plaintiff."

Plaintiff then alleges the following cause of action in tort:

"5. That the defendant undertook to inspect the premises of plaintiff's employer for safety and negligently did so.

"6. That an injury to plaintiff was proximately caused by the negligence of defendant."

Plaintiff seeks to recover damages for his injuries which he sustained on July 19, 1973, while engaged in the performance of his employment duties at the 3M plant.

The court proceeds on the proposition that, for purposes of this motion, the allegations contained in plaintiff's complaint are true. Plaintiff's complaint reveals that plaintiff's injury and cause of action occurred on July 19, 1973; this lawsuit was

not filed until March 26, 1975; therefore, plaintiff's negligence count is barred by the one year statute of limitations, Ala.Code, Title 7, § 26 (1958), unless plaintiff can demonstrate that he should be afforded the benefit of the "saving statute," Ala.Code, Title 7, § 36 (1958). The "saving statute" provides that any person who "at the time such right accrues [is] within the age of 21 years . . . shall have three years, or the period allowed by law for the bringing of such action if it be less than three years, after the termination of such disability to bring suit .. . .."

The exhibits attached to the affidavit of Warren B. Lightfoot reflect that *at the time the right of action accrued* on July 19, 1973, the plaintiff was *19 years* of age *and married* and this fact is not disputed by plaintiff. Thus the court is called upon to determine the interplay between Ala.Code, Title 34, § 76(1) and the "saving statute." Section 76(1) provides that the marriage of any male person over 18 years and under 21 years of age relieves immediately his disabilities of minority with the stated result that he has the same legal rights and abilities as married males over 21 years of age. This provision, like an earlier enacted section removing disabilities of married women over 18 years, was passed by the legislature many years after the enactment of the "saving statute."

To determine the interplay between the two statutes, the court must determine the intent of the legislature as expressed therein. Reviewing the "saving statute" and cases decided thereunder, the court is of the opinion that the intent of the legislature there expressed was to give persons under certain disabilities additional time within which to sue; and that in describing the disability of non-age, the legislature elected to refer to the common law age of majority, 21 years. But the obvious intent of the legislature in enacting Section 76(1) was to remove the disability of non-age of a married male over 18 to the end that, as the legislature said, *"he has the same legal rights and abilities as married male persons, or widowers over twenty-one years of age."*

Reading Section 76(1) in pari materia with Section 36, the court concludes that a married male over 18 is to be considered over 21 years of age for the purpose of Section 36. The rationale for this construction is that married individuals over 18 years are not burdened with disabilities of minority, and they are *in all respects,* as the legislature said, to have *"the same rights and abilities as married male persons, or widowers over twenty-one years of age."* Married male persons or widowers over the age of twenty-one years have the right to sue and the attendant obligation to institute such suit within the period of time prescribed by the applicable statute of limitations. Since plaintiff was over 18 years and married *at the time his right of action accrued,* he is not within the class of persons which the "saving statute" was designed to protect, or stated differently, he is by Section 76(1) taken out of the ambit of the "saving statute."

By way of refuting this construction, plaintiff argues that prior to the legislature's recent lowering of the age of majority to 19 years of age, Section 76(1) had never been construed to remove the disabilities of minority to the extent that a married male person over 18 years and under 21 years of age could purchase liquor or manage a liquor store despite the prohibitions of Ala.Code, Title 29, §§ 7, 8 (1958). Further plaintiff contends that before the Alabama Constitution was amended to extend the right to vote to eighteen year olds, Section 76(1) was not interpreted as extending the right to vote to married persons whose disability of non-age had thereby been removed. The court is impressed with the rationale of plaintiff's arguments, and, but for the last clause of the first paragraph of Section 76(1), could accept plaintiff's arguments and his contention that Section 76(1) does not affect Section 36. But the court can find no Alabama cases supportive of plaintiff's assertion that Section 76(1) had no effect on the previous inability of a person under 21 years to purchase liquor or vote. In fact, if the legislature meant what it said in the last clause of the first paragraph of Section 76(1), a married male over

the age of 18, having the same rights as one over the age of 21, does indeed have the right to purchase liquor.

In the instant case, plaintiff's disability was removed by virtue of his age and marriage at the time injury occurred on July 19, 1973; he delayed until March 26, 1975, before filing this action; and therefore plaintiff's negligence count is barred by the one-year statute of limitations. See Ala. Code, Title 7, § 26 (1958).

With respect to the remaining contract count based on a third party beneficiary theory, the court is of the opinion that plaintiff is in no better position. In order for there to be any claim for breach of contract, the duty to inspect must arise thereunder. And if the duty to inspect is a part of the insurance contract, it is a part of the insurer's contractual obligation in supplying financial responsibility for the employer. In that role, he is the "employer" [Ala.Code, Title 26, § 262(d)] and as such the rights and remedies of the Alabama workmen's compensation laws exclude all other rights and remedies of the employee. Ala.Code, Title 26, § 262. The case of *Beasley v. MacDonald Engineering Company,* 287 Ala. 189, 249 So.2d 844 (1971) is not in point. In *Beasley,* the insurer was held liable in tort for negligent performance of a *voluntary undertaking* (not a contractual undertaking) to repair. The court based its decision on the fact that the insurer there was *not* engaged in a role of supplying financial responsibility required of the employer under the Alabama Workmen's Compensation Act.

For the foregoing reasons this court is of the opinion that defendant's motion for summary judgment is due to be granted.

An appropriate order will be entered.

DONE this 27th day of August, 1975.

/s/ James H. Hancock

UNITED STATES DISTRICT JUDGE