937 F.2d 603
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Michael MOORE, Plaintiff-Appellant,
v.
BETHESDA FIRE DEPARTMENT, INC., Defendant-Appellee,
and
Dale Lloyd Browning, Defendant.
 No. 90-2906.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided July 15, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-89-988-R)
 Michael J. Miller, Jacobi & Miller, Alexandria, Va., for appellant.
 Edward J. Brown, Law Offices of Harold A. MacLaughlin, Baltimore, Md. (Argued), for appellee; Dean P. Gunby, Law Offices of Harold A. MacLaughlin, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and JAMES C. CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff James Michael Moore ("Moore") appeals a judgment of the District Court for the District of Maryland granting summary judgment for the defendant, Bethesda Fire Department, and denying Moore's motion for reconsideration. We affirm.
 
 I.
 
 2
 James Michael Moore brought this diversity action against defendants Dale Lloyd Browning ("Browning") and Bethesda Fire Department, seeking damages of $700,000 for injuries sustained when a fire truck, driven by Browning and owned by Bethesda Fire Department, skidded and struck Moore's stopped vehicle. Moore is a resident of Virginia, Browning is a resident of Maryland, and the fire department is a corporation doing business in Maryland. By stipulation of the parties, defendant Browning was dismissed with prejudice as a party in the action.
 
 
 3
 In the proceedings below, Moore alleged that on August 8, 1986, he was travelling northbound on Rockville Pike in Bethesda, Maryland. As Moore approached the intersection of Rockville Pike and Pooks Hill Road, he heard the sirens of emergency vehicles and saw in his rearview mirror a fire truck coming toward him. Moore then pulled his car to the left-most lane of Rockville Pike and stopped so that the vehicles could pass. The truck that Moore saw, as well as several other emergency vehicles, passed without incident before Browning approached the intersection in his fire truck. Browning, an employee of Bethesda Fire Department, was responding to an emergency call issued for a fire at a high-rise building. Before Browning passed Moore's stopped vehicle, Browning's truck began to skid. The truck skidded to the left side of the road until the front tires of the truck hit the median. The truck then began to slide sideways, striking the rear of Moore's vehicle before stopping.
 
 
 4
 Moore filed a complaint in the District Court for the District of Maryland, alleging that Browning had caused the accident by acting recklessly and with gross negligence. Relying on a Maryland state statute, Moore asserted that Bethesda Fire Department was liable for damages caused by any negligent act or omission of Browning as he was an authorized operator of one of its emergency vehicles, driven in the performance of emergency service. Md.Transp.Code Ann. Sec. 19-103(c).
 
 
 5
 On November 1, 1989, Moore filed a motion for summary judgment. The only deposition statements Moore submitted in support of his motion were those of Browning, who recounted the following version of the events leading up to the accident. Browning stated that he left the station house at approximately 3 p.m., at a time when there was a rainstorm and traffic was heavy. He estimated that, when he was approximately one-half mile from the intersection, he was travelling at thirty miles per hour, but that he had slowed to 20 miles per hour by the time he was within 200 yards of the intersection. The posted speed limit on that road was thirty-five miles per hour. The accident occurred, Browning said, when, just as he was attempting to maneuver into another lane, the rear wheels lost traction and the truck began to skid. The truck then collided with the rear of Moore's vehicle.
 
 
 6
 Counsel for Moore asked Browning whether he had attempted to use a device called a "jake brake" to slow his truck as he approached the intersection. Browning responded that a jake brake is not the type of device that can be engaged manually, but is an automatic device, designed to slow the rpms of the engine. Browning explained, "You don't apply a jake brake like brakes, it's a slowing device on the engine. It slows the engine down and in turn slows the vehicle down. It's not like jamming on the brakes. It's nothing like that."
 
 
 7
 Although a deposition had been taken of the police officer who witnessed and submitted a report on the accident, Moore failed to refer to this deposition in his motion and did not file it with the court. Instead, Moore chose to rely solely on the deposition statements of Browning. In explaining the facts justifying summary judgment, Moore set forth a single paragraph in his memorandum in support of the summary judgment motion. This paragraph stated that Browning had a duty to keep his vehicle under control and that the evidence showed he violated this duty because his truck hit Moore's parked car. Neither the motion, nor the memorandum supporting it, identified any specific act or omission by Browning as negligent, relying on the fact that the accident occurred to establish a prima facie case of negligence.
 
 
 8
 On November 6, 1989, Bethesda Fire Department filed a motion for summary judgment, arguing that Moore had failed to present legally sufficient evidence from which a jury could find a verdict in Moore's favor. The district court, after reviewing both motions, found: "The only evidence Moore has produced is the occurrence of skidding and the subsequent collision. A jury presented with such evidence would have to engage in surmise, possibility or conjecture as to what caused the emergency vehicle to go into a skid." Thus, the court denied Moore's motion and granted summary judgment for Bethesda Fire Department.
 
 
 9
 Moore then filed a motion for reconsideration, alleging that the district court had failed to consider all of the discovery materials when ruling on the motions for summary judgment. In his motion for reconsideration, Moore referred to, for the first time, the deposition taken of the police officer who witnessed the accident, Officer Simpson. Moore conceded that he had not previously brought this deposition testimony to the attention of the court. However, he argued that the deposition was part of the discovery taken in preparation for trial and, therefore, that it should have been considered by the court. The court's failure to consider this evidence, Moore argued, justified reconsideration of the case.
 
 
 10
 The court held that it was Moore's responsibility to submit to the court all evidence on which he sought to rely. Despite two opportunities, once in his motion for summary judgment and once in response to the fire department's motion, Moore had failed to set forth the deposition statements of Officer Simpson. Instead, the court pointed out, Moore "chose to rely only upon the mere happening of the accident and evidence of skidding to support his motion and to defeat the Fire Department's motion." The court characterized this choice as a "strategic decision made by Moore's counsel which proved to be imprudent." Noting that an initial determination should not be subject to relitigation absent compelling circumstances, the court held that Moore had failed to set forth any basis for overturning the original decision.
 
 
 11
 Moore appeals, arguing that the district court erred in granting summary judgment for Bethesda Fire Department and that the court abused its discretion in denying his motion for reconsideration.
 
 II.
 
 12
 We first address the issue of whether Moore presented evidence of negligence sufficient to defeat the summary judgment motion of defendant Bethesda Fire Department. To withstand a motion for summary judgment, a plaintiff must offer evidence from which "a fair-minded jury could return a verdict for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In this case, then, Moore was required to produce evidence from which a fair-minded jury could properly draw an inference of negligence. We find that Moore failed to make this showing.
 
 
 13
 Moore's proof of negligence consisted of a single piece of evidence: Browning's truck skidded on wet pavement and struck Moore's stopped vehicle. Maryland law is clear that the mere happening of an accident is not sufficient to create an inference of negligence. In Brehm v. Lorenz, 206 Md. 500, 112 A.2d 475, 479 (1955), the Court of Appeals of Maryland recognized the "general rule that negligence is not presumed from the mere happening of a motor vehicle collision." Specifically addressing evidence of a skid, the Maryland Court of Appeals has held that some evidence in addition to the fact of the skid is necessary to justify an inference of negligence. In Trusty v. Wooden, 251 Md. 294, 247 A.2d 382, 384-85 (1968), the court held, "The mere fact that a vehicle skids or slides on a highway does not of itself constitute evidence of negligence. But skidding may be evidence of negligence if it appears that it was caused by a failure to take reasonable precautions to avoid it...." (Emphasis in original). An examination of the record before the district court reveals no evidence of a failure to take reasonable precautions, nor any act or omission of Browning that could have contributed to the skidding of the truck.
 
 
 14
 However, Moore, in his motion for reconsideration, contended that the record did contain evidence of negligent acts committed by Browning. This evidence was in the form of deposition testimony of Police Officer Simpson, who witnessed the accident and, in preparing a police report after the accident, questioned Browning. Simpson's deposition contains two statements that contradict deposition testimony of Browning. First, Simpson estimated the speed of the truck, as it approached the intersection, to have been 35 miles per hour. Browning had estimated the speed to have been 20 miles per hour. Second, according to Simpson, Browning said that he had attempted to use the "jake brake"[1] before the accident and that, when he did, the wheels lost traction. Browning, while acknowledging that there is a switch inside the cab of the truck to turn on the jake brake, stated in his deposition that he did not turn it on immediately before the accident. Instead, Browning asserted that the jake brake was turned on before he left the station house.
 
 
 15
 Moore argues that the district court erred when it failed to consider Simpson's deposition statements in ruling on the motions for summary judgment. Citing Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. denied, 444 U.S. 986 (1979), Moore contends that, although he failed to highlight these statements in his summary judgment motion and his response to the fire department's motion, the court nevertheless had a duty to consider them. Moore reads Hudson too broadly. Hudson actually states the narrower rule that the court is required to consider "all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." Id. at 64 (emphasis added). Under the local rules of the court below, deposition transcripts and discovery responses generally are not filed with the court. Consistent with this rule, the only discovery materials that had been filed with the court when it ruled on the summary judgment motions were the excerpts provided to the court as exhibits. Simpson's deposition statements were not among these exhibits. Clearly, the district court had no duty to review discovery materials not before it.
 
 
 16
 Because Moore relied on no evidence other than the fact of the skid, we conclude that Moore failed to offer evidence from which a fair-minded jury, applying the substantive law of Maryland, could properly draw an inference of negligence. Finding no error in the district court's grant of summary judgment for Bethesda Fire Department, we turn to Moore's motion for reconsideration.
 
 III.
 
 17
 Moore failed to specify which of the Federal Rules of Civil Procedure supported his motion for reconsideration. Absent a reference to a specific rule, a motion to reconsider "will be treated either as a motion to 'alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990). Because Moore filed his motion beyond the ten-day limit established for Rule 59(e), but within the time allowed for Rule 60(b) motions,[2] we will treat the motion as one under Rule 60(b), as did the district court.
 
 
 18
 Applying Rule 60(b), the district court determined that failure to bring "to the Court's attention all evidence relevant to the motions for summary judgment, ... unless justified by excusable neglect, does not warrant a second opportunity for Moore to argue his case." Thus, the motion was denied. This denial is to be overturned only upon a showing of abuse of discretion. McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir.1991). Examining Rule 60(b)'s grounds for relief in light of the circumstances presented here, we find that the district court did not abuse its discretion in denying the motion for reconsideration.
 
 
 19
 The subsections of Rule 60(b) provide six independent grounds for reconsidering a case on which a final decision has been rendered. Of the six, only two could arguably apply to the facts here: "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b); see also Lavespere, 910 F.2d at 173 ("To reopen the case under Rule 60(b) on the basis of evidence that was available before rendition of judgment but that was not submitted in timely fashion, the mover has two options," subsections (b)(1) and (b)(6).).
 
 
 20
 Under subsection (b)(1), the movant must show a valid reason why he could not have presented the evidence before a final judgment had been rendered. The Fifth Circuit has stated the rule that, "A defeated litigant cannot set aside a judgment because ... he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." Couch v. Travelers Insurance Co., 551 F.2d 958, 959 (5th Cir.1977) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2858, at 173). Instead, as the First Circuit has noted, the movant "must make some showing of why he was justified in failing to avoid mistake or inadvertence." Mas Marques v. Digital Equipment Corp., 637 F.2d 24, 29-30 (1st Cir.1980) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2858, at 173). "For example, if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence." Lavespere, 910 F.2d at 173.
 
 
 21
 In this case, only after failing to receive the desired result did Moore's attorney go to the depositions and attempt to find a piece of evidence that would support his allegations of negligence. Counsel for Moore made very little effort to submit facts to the court during the summary judgment motions. To demonstrate evidence of negligence, his memorandum in support of summary judgment relied solely on the fact that the truck skidded. Apparently, counsel for Moore was confident that, upon a showing that the truck skidded, the court could make no finding but that Browning must have been negligent. This assumption was erroneous. Moore's one-paragraph response to Bethesda's summary judgment motion merely stated that Moore relied on his previously filed motion for summary judgment. Moore's counsel was in a position to bring the deposition testimony of Simpson to the attention of the court prior to the court's final ruling on the motions for summary judgment, but failed to do so. We conclude that a belated attempt to seek out and present credible evidence to ameliorate a half-hearted previous effort is hardly the kind of excusable neglect or inadvertence that warrants reconsideration of the case.
 
 
 22
 We find also that Moore failed to establish the existence of circumstances justifying relief under subsection (b)(6). As the Supreme Court of the United States has observed, " 'extraordinary circumstances' are required to bring the motion within the 'other reason' language" of Rule 60(b)(6). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 n. 11 (1988) (citing Klapprott v. United States, 335 U.S. 601, 613 (1949)). The Fifth Circuit has explained that, for the movant to prevail under Rule 60(b)(6), "the newly-submitted evidence must establish a fact 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.' " Lavespere, 910 F.2d at 173. We find that the evidence submitted on the motion for reconsideration failed to rise to such a level.
 
 
 23
 Taken as true, the deposition statements submitted by Moore show, at best, that the truck was moving at the speed limit, thirty-five miles per hour, and that a device to slow the rpms of the engine was used. Neither of these facts is sufficient to show that the initial judgment was manifestly unjust. First, even if we were to assume that a speed of thirty-five miles per hour was excessive under conditions of rain and traffic, this fact alone is not sufficient to support an inference of negligence. "To show merely excessive speed is ordinarily not enough to support an inference of negligence unless there is some further showing that this excessive speed is a direct and proximate cause of the injury." Spence v. Wiles, 255 Md. 98, 257 A.2d 164, 168 (1969) (collecting cases). Second, a bare statement that the jake brake was employed is not sufficient to establish an inference of negligence. There is a complete absence of evidence that use of the jake brake caused or contributed to the accident in question, or that it was even possible for use of such a device to lead to the skidding of a truck. The evidence is uncontradicted that a jake brake is not connected to the wheels, but is merely an automatic device designed to slow the rpms of the engine.
 
 
 24
 Unless Simpson's deposition statements can give rise to an inference of negligence, Moore's case must stand on the bare fact that the truck skidded on the wet roadway. As we concluded above, such evidence is insufficient to justify an inference of negligence under Maryland law. Therefore, Moore's newly submitted evidence fails to demonstrate that the court's initial resolution of the case, a grant of summary judgment for the defendant, was manifestly unjust.
 
 IV.
 
 25
 Moore argues several other theories of liability, including that Browning was following too closely, acted improperly in attempting to change lanes, and was not keeping a proper lookout. Because Moore failed to offer a single piece of evidence to support any of these theories, we conclude they could not be relied on to support an inference of negligence.
 
 
 26
 Finding no error in the district court's grant of summary judgment for Bethesda Fire Department, and no abuse of discretion by the district court in denying relief under Rule 60(b), we affirm.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 The evidence is uncontradicted that a "jake brake" is not connected to the wheels, but is an automatic device to slow the rpms of the engine
 
 
 [2]
 Rule 60(b) states that motions under subsections (1) through (3) shall be made "not more than one year after the judgment, order, or proceeding was entered or taken," and that motions under subsections (4) through (6) "shall be made within a reasonable time."