IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

December 10, 2020
ST-2012-CV-00231
**TAMARA CHARLES
CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
*************

| | |
|---|---|
| **BASIC SERVICES, INC.,** | ) **CASE NO. ST-2012-CV-00231** |
| | ) |
| **Plaintiff,** | ) |
| | ) **ACTION FOR BREACH OF CONTRACT** |
| **v.** | ) **AND DEBT** |
| | ) |
| **GOVERNMENT OF THE VIRGIN** | ) |
| **ISLANDS,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |

Cite as: 2020 V.I. Super. 104U

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

¶1 **THIS MATTER** comes before the Court on the following:

1. Plaintiff's Motion for Relief from an Order and to Amend Complaint, filed May 3, 2018;

2. Defendant's Opposition to Motion for Relief from an Order and to Amend Complaint, filed June 18, 2018;

3. Plaintiff's Renewed Motion for Relief from Judgment and Order, filed June 17, 2019;

4. Defendant's Opposition to Plaintiff's Renewed Motion for Relief from Judgment and Order, filed June 24, 2019;

5. Plaintiff's Second Renewed Motion for Relief from Judgment and Order, filed August 23, 2019; and

6. Defendant's Opposition to Plaintiff's Second Renewed Motion for Relief from Judgment, filed September 9, 2019.

¶2 Plaintiff, Basic Services, Inc. ("Basic"), sued Defendant, Government of the Virgin Islands ("Government"), on May 8, 2012, alleging breach of a contract under which Basic agreed to provide professional computer, communications, and technical support and services to the Virgin

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 2 of 10

Cite as 2020 VI Super 104U

Islands Department of Education ("VIDOE").[1] The contract specifies that funding for the services provided by Basic would be subject to approval by the E-Rate Program. The E-Rate Program, also known as the School and Libraries Program of the Universal Service Fund, is a federally funded initiative administered by the Universal Service Administrative Company ("USAC"). Accordingly, the contract states it is "contingent upon E-Rate funding" and that the Government shall only be responsible for paying ten percent (10%) of the total cost of eligible services and products.[2]

¶3    The E-Rate program is administered by the Schools and Libraries Division of USAC and pays up to 90% of funding to assist eligible schools and libraries in paying for internet and other telecommunication and information services.[3] Under the contract, Basic submitted its invoices to VIDOE, which then approved them and forwarded them to USAC, and the Government further contracted that it would assist Basic in securing payment from USAC as requested by Basic.[4] While the Government paid its portion, Basic states three invoices remain unpaid by USAC in an amount totaling $569,759.98 and alleged that the Government was responsible.[5]

¶4    Basic sought to amend its Complaint,[6] then the Government moved for summary judgment on August 1, 2017, and Basic sought to oppose summary judgment and cross-filed its own motion for summary judgment on August 25, 2017. This Court granted the Government's motion on October 17, 2017, and Basic appealed to the Virgin Islands Supreme Court on November 7, 2017. On June 13, 2019, the Virgin Islands Supreme Court affirmed the Superior Court's Order granting summary judgment for the Government and affirmed the Order denying Basic's motion to amend.[7]

¶5    However, in the interim, USAC issued two letters dated December 27 and December 28, 2017 (collectively, "Letters") to Basic explaining its reasoning for denying Basic funding. The Letters were the result of years of investigation. These letters explained that funding was denied because a VIDOE employee who was a member of the vendor evaluation committee also had an association with Basic and was paid by Basic during the same years that Basic was selected by the

---

[1] Compl. ¶ 4.
[2] Contract for Professional Services, Addendum II, page 15 (fully executed on April 5, 2005), attached to Defendant's Cross Mot. for Summ. J.
[3] U.S. Department of Education, Other Federal Agency Laws and Programs, https://www2.ed.gov/about/inits/ed/non-public-education/other-federal-programs/fcc.html (last visited Dec. 3, 2020).
[4] *Basic Services, Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652, 655 (V.I. 2019); *see also*, Pl.'s Cross Mot. for Summ. J. 2, 7.
[5] Pl.'s Cross Mot. for Summ. J. 4.
[6] On November 30, 2015, Basic moved to amend its Complaint to include a claim for quantum meruit. This amendment was ultimately denied by this Court on futility grounds, as under *Vanterpool v. Gov't of the Virgin Islands*, 63 V.I. 563, 593 (V.I. 2015), and *Cacciamani v. Rover*, 61 V.I. 247, 252 (V.I. 2014), the Virgin Islands Supreme Court has held that an equitable remedy like quantum meruit is inappropriate where a legal remedy is available. This decision was upheld by the Virgin Islands Supreme Court on June 13, 2019. *Basic Services, Inc*, 71 V.I. at 666-67.
[7] *Basic Services, Inc.*, 71 V.I. 652.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 3 of 10

Cite as 2020 VI Super 104U

vendor evaluation committee, and that this conflict of interest compromised the competitive bidding process. For this reason, USAC refused to pay.[8]

¶6     As a result of these Letters, on May 3, 2018, Basic filed a Motion for Relief from an Order and to Amend Complaint. On June 18, 2018, the Government filed an Opposition to Motion for Relief from an Order and to Amend Complaint. After the Virgin Islands Supreme Court's ruling denying its appeal of the denial of Basic's summary judgment and amend complaint motions, Basic moved for a Renewed Motion for Relief from Judgment and Order on June 17, 2019 and the Government filed an Opposition to Plaintiff's Renewed Motion for Relief from Judgment and Order on June 24, 2019. On August 23, 2019, Basic filed a Second Renewed Motion for Relief from Judgment and Order, and the Government filed an Opposition to Plaintiff's Second Renewed Motion for Relief from Judgment and Order on September 9, 2019.

¶7     In its motions, Basic seeks relief because the Letters issued after entry of summary judgment indicate that VIDOE "created a conflict of interest situation that compromised the competitive bidding process. The wrongful action of the Department caused the nonpayment. These letters and additional discovery will provide the necessary proof to support Basic's breach of contract claim."[9] It is also Basic's contention that "the Government violated the competitive bidding rules when it hired an employee of Basic and put that employee, without the knowledge of Basic, on the vendor evaluation committee" and that this constituted a breach of the covenant of good faith.[10] Importantly, Basic states in its first motion for relief that they contacted the U.S. Department of Justice repeatedly as to the reason for its nonpayment and it was told "the matter is under investigation."[11]

## II.     LEGAL STANDARD

¶8     Basic cites Virgin Islands Rules of Civil Procedure Rule 60(b)(2) and 60(b)(6) in its motions as the basis for its relief. Rule 60(b)(2) and 60(b)(6) provide that:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (2) newly discovered evidence that could not, with reasonable diligence, have been discovered in time to move for a new trial under Rule 59(b) . . . . (6) any other reason that justifies relief.

¶9     Rule 59(b), referenced above, provides that: "A motion for a new trial must be filed no later than 28 days after the entry of judgment." As these letters were written several months after summary judgment, and Basic filed its first motion in May, Basic did not and could not have motioned for reconsideration within the 28 days provided. Thus, V.I. R. CIV. P. 60(b) is the only proper route for granting relief from judgment.

---

[8] Pl.'s Mot. for Relief from Order and to Amend Compl. Ex. A.
[9] Pl.'s Mem. in Supp. of Renewed Mot. for Relief from Judgment, 2.
[10] Pl.'s Mem. in Supp. of Mot. for Relief from Order and to Amend Compl., 4.
[11] Pl.'s Mem. in Supp. of Mot. for Relief from Order and to Amend Compl., 6.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 4 of 10

Cite as 2020 VI Super 104U

### a. Rule 60(b)(2) standard

¶10    To satisfy Rule 60(b)(2), said evidence must "have been discovered after trial and the failure to learn must not have been caused by a lack of diligence."[12] Further, the "evidence must be material to the issues involved, yet not merely cumulative or impeaching and must be of such a nature that it would probably change the outcome."[13] The term "'newly discovered evidence' refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant.'"[14]

¶11    The Court finds several cases from the Virgin Islands Supreme Court and the Third Circuit helpful in elucidating these rules.[15] While these cases take place prior to the adoption of the Virgin Islands rules and are instead based on the Federal Rules of Civil Procedure, the Court notes that in the instant case the Virgin Islands rules mirror the FED. R. CIV. P.[16]

¶12    In *Ruiz v. Jung*,[17] the Court denied a temporary restraining order on December 19, 2007 in a child custody case.[18] Thereafter, the mother filed an unsworn letter from a clinical social worker who said the day after the denial that she interviewed the minor who told her that she had been "touched [on] her private area."[19] In considering the Rule 60(b)(2) question, the Virgin Islands Supreme Court stated "we fail to see how the social worker's statement or opinion could be considered newly discovered evidence. Nor can we discern any reason why [the social worker's] statement could not have been brought to the family court's attention at an earlier point in the proceedings through the exercise of reasonable diligence."[20] Thus in *Ruiz*, although the letter came into existence after the hearing, the material within it could have been discovered beforehand with reasonable diligence. Further, the underlying event alleged in the letter was an event which reportedly happened prior to the hearing – that still did not make the letter "newly discovered evidence."

---

[12] *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983); *see also, Appleton v. Harrigan*, Case No. ST-10-CV-275, 2013 V.I. LEXIS 13, at *6 (quoting *Henry v. Hess Oil Virgin Islands Corp.*, 33 V.I. 163, 171 (D.V.I. 1995)) (The movant "must show that the newly discovered evidence 'could not have been discovered prior to trial through the exercise of reasonable diligence.'")

[13] *Id.* (citing *United States v. Meyers*, 484 F.2d 113, 116 (3d Cir. 1973)).

[14] *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quoting *United States v. 27.93 Acres of Land*, 924 F.2d 506 (3d Cir. 1991)).

[15] Outside of this jurisdiction, the Court finds persuasive the cases of: *Banks v. Thomas*, CIVIL NO. 11-301-GPM, 2012 U.S. Dist. LEXIS 13904 (S.D. Ill. 2012) (expert report by psychiatrist, which was created after trial for another case but detailed how abruptly ending psychotropic medication could have caused plaintiff to be insane, was not "newly discovered evidence"); *Antoine v. Oxmoor Pres./One, LLC*, 130 So. 3d 1204 (Ala. Civ. App. 2012) (deeds, tax assessor document, and "tree report" which were created after trial did not constitute "newly discovered evidence" because they were created later); *Cole v. Cole*, 370 S.E.2d 272 (N.C. App. 1988) (child born after trial could not constitute "newly discovered evidence" of fertility in a paternity suit since the child was not even conceived at time of trial).

[16] *Cf.* FED. R. CIV. P. 60(b)(2)-(6) with V.I.R. CIV. P. 60(b)(2)-(6).

[17] S. Ct. Civ. No. 2008-035, 2009 V.I. Supreme LEXIS 43 (V.I. Oct. 19, 2009) (unpublished).

[18] *Id.* at *3.

[19] *Id.* at *3-4.

[20] *Id.* at *12-13.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 5 of 10

Cite as 2020 VI Super 104U

¶13　Particularly on point is *Betterbox Communications, Ltd. v. BB Technologies, Inc.*[21] In this trademark infringement case, Betterbox appealed a declaratory judgment against it partly on Rule 60(b) grounds. The trial court had allowed a trademark registration certificate from the United States Patent and Trademark Office ("Patent Office") into evidence since there was not an official writing from the Patent Office that the registration was going to be revoked or canceled, although an employee of counsel for BB Technologies had spoken with a Patent Office official by phone before trial and had learned that the registration was inadvertently issued and would be canceled once the Patent Office found the file.[22] About three weeks after trial, the Patent Office issued a formal notice that the trademark application would be canceled and restored to pending status.[23]

¶14　The Third Circuit in *Betterbox* declared that "the notice of cancellation of the Betterbox registration cannot qualify as newly discovered insofar as it simply shows that the Betterbox registration was canceled. This is so because the fact of cancellation was not in existence at the time of trial."[24] Additionally, the court reasoned that even if the fact of cancellation had existed, Black Box did not exercise due diligence. The court stated that Black Box "did not attempt to depose or subpoena anyone from the [Patent Office]."[25] While recognizing that the Patent Office "would have refused to provide any evidence about an internal decision that had not been officially released" the court still highlighted that "the fact remains that Black Box did not take the obvious steps that would have demonstrated this."[26] Lastly, the court noted that "Black Box also did not ask for a trial continuance for the purpose of obtaining evidence that cancellation was imminent" and stated that it would have viewed the appeal differently if Black Box had been denied such a continuance.[27]

¶15　Conversely, in *Stridiron v. Stridiron*,[28] the Third Circuit did find that newly discovered evidence could have changed the outcome of a proceeding and ordered a rehearing.[29] In that case, a plaintiff denied in a discovery interrogatory the existence of a prior marriage, which took a defendant significant amount of time to uncover and could have materially changed the distribution of real estate.[30] The Third Circuit found that "plaintiff's failure to provide information uniquely within his knowledge effectively foreclosed defendant from presenting her claim for annulment at trial."[31] Further, the court found that the defendant had been diligent and was not causing undue delay – the defendant had been trying to locate the record, and the court recognized "the delays in the mails to the Virgin Islands, and the difficulties encountered in the search of official records in

---

[21] 300 F.3d 325 (3d Cir. 2002).

[22] *Id.* at 330-31.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 332.

[26] *Id.*

[27] *Id.* at 332.

[28] 698 F.2d 204, 205 (3d Cir. 1983).

[29] *Id.* at 208.

[30] *Id.* at 205, 207.

[31] *Id.* at 207.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 6 of 10

Cite as 2020 VI Super 104U

large cities."[32] Notably, the document here – a certified copy of a marriage certificate – was based on a written record which was in existence before the trial.[33]

### b. Rule 60(b)(6) Standard

¶16     As for Rule 60(b)(6), "[t]he movant must show extraordinary and special circumstances justifying relief[.]"[34] Further, Rule 60(b)(6) is mutually exclusive of the rules preceding it, "and if the reason for which relief is sought fits within one of the five specific categories, even if the facts fail to meet the prerequisites for that relief, Rule 60(b)(6) is inapplicable."[35] Rule 60(b)(6) is only appropriate "under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."[36] Lastly, "Rule 60(b) cannot . . . be employed simply to rescue a litigant from strategic choices that later turn out to be improvident . . . . a party that has stipulated to certain facts or has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down."[37]

## III.     ANALYSIS

### a. Basic's Rule 60(b)(2) claim for relief fails because the Letters were not in existence before judgment and Basic did not exercise due diligence

¶17     It is Basic's assertion that while the Letters were not in existence prior to the Court's ruling, the facts in them were — namely that the appointment of a Basic employee to the vendor evaluation committee, which caused USAC's denial of funding due to the violation of the competitive bidding procedures, was a fact that occurred prior to the trial.[38] Basic also asserts that they could not discover the reason for USAC's denial because the investigation was ongoing and

---

[32] *Id.* at 206.

[33] *Id.*

[34] *Lucan Corp. v. Robert L. Merwin & Co.*, S. Ct. Civ. No. 2007-15, 2008 V.I. Supreme LEXIS 19, at *7 (V.I. Jan. 3, 2008) (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986)) (unpublished).

[35] *Kitnurse v. Marshall & Sterling*, 2020 VI Super 60, ¶15 (citing *Griffith v. Carpenter*, 2012 V.I. LEXIS 84, at *5 (V.I. Super. Ct., June 7, 2012)).

[36] *Sawka v. Healtheast, Inc.*, 989 F.2d 138 (3d Cir. 1993) (citing *Lasky v. Continental Products Corp.*

[37] *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (citing *Marshall v. Board of Educ.*, 575 F.2d 417, 424 (3d Cir. 1978); *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir. 1977); *Couch v. Travelers Insurance Co.*, 551 F.2d 958, 959 (5th Cir. 1977); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651-52 (1st Cir. 1972); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2858, at 170-73 (1973)).

[38] Pl.'s Mem. in Supp. of Renewed Mot. for Relief from J. and Order, 6. While Basic throughout its motions lays this wrong squarely at the feet of the Government, the Court notes that "it takes two to tango" and it was Basic who benefitted from the evaluation committee's selection.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 7 of 10

Cite as 2020 VI Super 104U

USAC had not yet disclosed their decision.[39] Boldly charging VIDOE with insider knowledge of USAC's investigation,[40] Basic asserts it could not with due diligence find out this information.[41]

¶18    In essence, Basic is declaring that while the reasoning for the denial did not exist before the Court's judgment, the fundamental reason did, and thus USAC's decision and reasoning as represented by the Letters is actually newly discovered evidence of facts that existed before the judgment although occurring later so it could not be discovered. This train of logic is an ouroboros. Simply put, what was then in existence was an investigation, not USAC's decision and reasoning for that decision, and certainly not the Letters. Basic's employee being on the evaluation committee was a fact, but USAC's ultimate decision or reasons for it were at that time mere conjecture. At the time of summary judgment, it was not the Court's duty to speculate why USAC might have denied funding, but to rule on the breach of contract claims before it with the facts then in existence – the appointment of Basic's employee to the committee being the reason for the nonpayment was not then in existence and could not be the basis for a breach of contract claim.

¶19    The Letters, like the unsworn letter in *Ruiz* acquired the day after the hearing or the notice of the trademark revocation arriving three weeks after the trial in *Betterbox*, and unlike the marriage certificate in *Stridiron*, are documents containing new information – that USAC was denying payments based on competitive bidding violations – which simply were not in existence at the time of the Court's summary judgment. Like the alleged molestation in *Ruiz*, the abrupt end to psychotropic medication in *Banks*, the land in *Antoine*, or the communication in *Betterbox* that the application would be denied, these documents may contain facts that existed in the past – such is the nature of linear time. That the Letters assert in their reasoning facts that existed prior to the summary judgment does not change the fact that USAC's investigation concluded after summary judgment. The Government's appointment of Basic's employee could not be the reason for USAC's denial of payments until USAC made it the reason for the denial in the Letters.

¶20    However, even assuming *arguendo* that it is really "the fact of the appointment" (and not USAC's ultimate denial *because* of that fact) that is the newly discovered evidence at issue here,

---

[39] Basic asserts in its Memorandum in Support of Motion for Relief from and Order and To Amend Complaint on pages 5-6 that: "In this instance, until the SLD [School and Library Division] completed its investigation and made the findings contained in the December denial letters, Basic had no way of forcing the government to a decision or to prematurely disclose that decision . . . . Basic repeatedly attempted to get information from the U.S. Department of Justice as to the reason for nonpayment. These inquiries were always met with the response that "The matter is under investigation." The reason SLD denied the funding commitment for Years 8 and 9 was information that was uniquely within the V.I. Government's knowledge because only the V.I. Department of Education knew what individuals were on the vendor evaluation committee and that it placed an employee of Basic on that committee in violation of the competitive bidding rules."

[40] In its Memorandum in Support of Second Renewed Motion for Relief from Judgment and Order, page 8, Basic states: "[T]he Government corresponded with SLD/USAC by email and postal mail to ask about the status of the funds . . . As discussed, the Government caused the nonpayment by violating the competitive bidding rules. This fact, together with the Government's inquiries to SLD/USAC and SLD/USAC's investigation, strongly suggests that the Government knew or should have known of the reason for the nonpayment." There is a large leap of logic here. Simply because the Government, as it was contractually obligated to do, communicated with USAC in order to assist Basic in securing payment does not in any way indicate that it would know of an investigation or know the reasons for it.

[41] Pl.'s Mem. in Supp. of Mot. for Relief from an Order and To Amend Compl., 6.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 8 of 10

Cite as 2020 VI Super 104U

Basic's assertions must still fail. This is because Basic did not exercise reasonable diligence in uncovering this evidence. Like in *Betterbox*, Basic was aware there was a pending investigation, yet made no attempt to depose anyone at the Department of Justice or USAC, made no attempts to issue subpoenas, or, even more damagingly, did not seek a continuance or stay pending the results of the investigation. Nor did Basic even notify the Court that there was an ongoing investigation until after judgment.

¶21    Even more bewilderingly, Basic asserts that the knowledge that Basic, through its agent and employee, was on the vendor evaluation committee is information that was "uniquely within the V.I. Government's knowledge because only the V.I. Department of Education knew what individuals were on the vendor evaluation committee and that it placed an employee of Basic on that committee in violation of the competitive bidding rules."[42] Once more, assuming *arguendo* Basic was ignorant of the fact that its own employee was also in the position to hand Basic a lucrative government contract due to his appointment to a evaluation committee, the Court strains to see how this information would be uniquely within the Government's knowledge and not uncoverable through due diligence – Basic had the ability to depose its own current and former employees and contract bidding is a process open to the public.[43] Basic always had the ability to uncover the appointment of its employee to the contract selection committee with reasonable diligence and to discern, or at least more thoroughly attempt to discern, that this was why USAC might refuse to pay.

¶22    Thus, because Basic's claim that the Government breached its duty by causing the nonpayment through breach of the covenant of good faith rests on evidence not in existence at the time of judgment - USAC's denial and reasoning in its Letters - its Rule 60(b)(2) claim must fail. Even assuming the fact that Basic's employee's appointment by the Government does qualify as newly discovered evidence, Basic's claim must still fail because Basic did not exercise reasonable diligence in uncovering that fact by attempting to discover what USAC's reasoning might be beyond phone calls to the office or staying proceedings until the investigation was complete.

### b.  Basic's Rule 60(b)(6) claim for relief fails because Basic's reason for relief fits into another category and this is not an extraordinary circumstance

¶23    As Basic recognizes by asserting it first, the reason behind Basic's Rule 60(b) claim is most closely related to the "newly discovered evidence" category. Rule 60(b)(6) claims are catchalls for extraordinary circumstances and situations which the rule drafters did not anticipate – not a catchall for plaintiffs who fail the requirements of other rules. Thus, Basic's Rule 60(b)(6) must fail as excluded in accordance with this Court's ruling in *Kitnurse*.[44]

---

[42] Pl.'s Mem. in Supp. of Mot. for Relief from an Order and To Amend Compl., 6.

[43] *See generally*, 31 V.I.C. § 236(c) ("The bids shall be opened in public at the time and place stated in the newspaper notices.").

[44] *See, Kitnurse*, ¶, 21 ("Regardless, relief cannot be granted under Rule 60(b)(6) if the reason for which relief is sought fits within another category of Rule 60(b).").

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 9 of 10

Cite as 2020 VI Super 104U

¶24    Further, assuming that the "newly discovered evidence" category did not exist, this situation is not so extraordinary so as to justify relief. Basic knew an investigation was ongoing. It seems that, whether as a litigation strategy or as an oversight, Basic did not put before the Court the investigation being conducted on it or seek to delay the Court's ruling until after the investigation was completed. Rule 60(b)(6) is not made to save plaintiffs from the choices they made in prior litigation. As the Supreme Court stated while deciding a Rule 60(b) issue in *Ackermann v. United States*,[45] "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."[46]

## IV.    CONCLUSION

¶25    Basic comes before the Court seeking to reopen and relitigate a case that had been pending before this Court for five years, based on facts from 2004, and that has been appealed to and decided on by the Virgin Islands Supreme Court. Basic asks the Court to reopen this case based on Virgin Islands Rules of Civil Procedure 60(b)(2) and 60(b)(6), which allow this Court to provide relief from judgment based on newly discovered evidence or other extraordinary circumstances.

¶26    The basis for its claim is several letters, written several months after this Court issued its summary judgment, which explained that USAC was denying funding to Basic because of violations of the competitive bidding procedures – to wit, a Basic employee was on the VIDOE evaluation committee that chose Basic to provide internet and telecommunications services for the St. Thomas and St. John school district. Basic claims that the Government, by appointing one of Basic's employees to the evaluation committee, violated the covenant of good faith inherent in every contract and thus caused USAC's nonpayment.

¶27    However, before the Court can address these arguments, Basic must show it has satisfied the strictures of V.I. R. CIV. P. 60(b). Basic has not. The Letters are evidence of facts which came into being after judgment was awarded, the denial and reasoning of USAC's nonpayment. Further, assuming that Basic was ignorant of its own employee being on the evaluation committee, Basic did not exercise reasonable diligence in attempting to figure out why USAC might deny payment and did not attempt to stay or continue the case until the investigation was complete, which would have resulted in disclosure of this information. Thus, it does not satisfy the requirements of Rule 60(b)(2). Similarly, Basic is excluded from using Rule 60(b)(6) because its reason for relief fits another category, and the decision to proceed in Court before the investigation was completed was either an oversight or a purposeful litigation strategy, not an extraordinary circumstance.

¶28    Accordingly, it is hereby

        **ORDERED** that Plaintiff's Second Renewed Motion for Relief from Judgment and Order, filed on August 23, 2019, is **DENIED**; and it is further

---

[45] 340 U.S. 193 (1950).
[46] *Id.* at 198.

*Basic Services, Inc. v. Government of the Virgin Islands*
Case No. ST-12-CV-231
Memorandum Opinion & Order
Page 10 of 10

Cite as 2020 VI Super 104U

**ORDERED** that Plaintiff's Renewed Motion for Relief from Judgment and Order, filed on June 17, 2019, is **DENIED as moot**; and is it further

**ORDERED** that Plaintiff's Motion for Relief from an Order and to Amend Complaint, filed on May 3, 2018, is **DENIED as moot**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorney Robert L. King and Assistant Attorney General Ariel M. Smith.

DATED: December **10**, 2020.

**DENISE M. FRANCOIS**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By: _____

**LORI BOYNES**
Chief Deputy Clerk **12** / **11** / **2020**